GUIDRY, Judge.
Plaintiff, Joe D. Williams, instituted this action for a declaratory judgment and for injunctive relief against the defendants, Sabine Parish Police Jury, George R. Cook, Sheriff of Sabine Parish, and the Town of Many, Louisiana. Plaintiff alleges that the local option election concerning the sale of alcoholic beverages held in Ward 4 of Sabine Parish, including the Town of Many and the Village of Fisher, (which are situated in Ward 4 of Sabine Parish), on November 2, 1976, and the ordinances adopted by the Police Jury and the Town of Many pursuant to that election are null and void. More particularly, plaintiff alleges that the actions of the defendants were ultra vires and contrary to the provisions of LSA-R.S. 26:581 et seq. Plaintiff prayed for judgment to that effect enjoining the defendants, its agents or employees from enforcing the above ordinances.
Defendants filed several exceptions to plaintiff’s petition for injunctive relief and after a hearing on the rule for injunction the trial court rendered judgment ordering that L. L. Williams, plaintiff’s father as lessee of the premises operated by plaintiff, be made a party to the suit. L. L. Williams was added as a party plaintiff by an amending petition. Thereafter defendants again filed several exceptions all of which were referred to the merits. After a trial on the merits the district court rendered judgment dismissing the plaintiffs’ demand. Plaintiffs appeal.
Prior to the adoption of the ordinances prohibiting the sale of alcoholic beverages in Ward 4 of Sabine Parish, plaintiff Joe D. Williams, was the holder of a valid Class “A” beer permit and liquor license issued to him by the State of Louisiana. The permit authorizes the sale of alcoholic beverages in plaintiff’s establishment which was located in the Town of Many.
On July 30, 1976 a verified petition requesting a local option election in Ward 4 of Sabine Parish, which contained the signatures of more than 25% of the qualified electors of Ward 4, both inside and outside the limits of the municipalities of Fisher and Many, was presented to the Sabine Parish Police Jury. The petition requested a local option election in the whole of Ward 4 of Sabine Parish. Simultaneously, another verified petition containing the signatures of more than 25% of the qualified electors of the municipality of Many was presented to Many’s mayor and aldermen.[1] The two petitions asked that the three propositions listed below be submitted to the qualified electors of Ward 4 and the Town of Many, respectively:[2]
“1. Shall the sale of beverages of low alcoholic content containing more than three and two-tenths percent alcohol by weight and not more than six percent alcohol by volume be permitted?
2. Shall the sale of beverages of high alcoholic content containing more than six percent alcohol by volume for consumption on the premises be permitted?
3. Shall the sale of beverages of high alcoholic content containing more than six percent alcohol by volume be permitted by package only and not for consumption on the premises?”
The verification of the two petitions by the Registrar of Voters established that both petitions were filed on July 13, 1976 and that publication of the petitions had appeared in the official journal of Sabine Parish on July 22, 1976. At its regular meeting on September 14, 1976, the Sabine Parish Police Jury considered the petition and adopted a resolution calling for a local *226 option election to be held in Ward 4 of Sabine Parish on November 2, 1976. Specifically, Section Three (8) of the Police Jury’s resolution provided:
. . that a majority of the votes cast by voters residing in the portion of Ward 4 lying within the corporate limits of the towns of Many and Fisher, on each proposition shall separately determine the issue for and in the portion of Ward 4 lying within said corporate limits, Sabine Parish, Louisiana . . .”
Similarly, on September 14, 1976, the Town of Many, considering the petition which had been presented to it, called for a local option election to be held within its territorial limits on November 2, 1976.
The official journal of the parish, The Sabine Index, published the Police Jury’s resolution regarding the proposals on the sale of alcoholic beverages on September 16, 23, 30 and on October 7, 1976. Notice of the election was again published on October 21, 1976. The Town of Many’s resolution calling for the local option election appeared in the Sabine News only on September 19, 1976.
On November 2, 1976 only one election was held throughout the whole of Ward 4 of Sabine Parish. Thereafter, the election results were promulgated by the Police Jury separately for the unincorporated area of Ward 4, for the Town of Many, and for the Village of Fisher. The election proclamation from the Secretary of State indicates that the three propositions above quoted were rejected by a majority of voters in the unincorporated area of Ward 4, in the Town of Many and in the Village of Fisher.
On November 9,1976 the Town of Many, after promulgation of the election results adopted City Ordinance Number 206, which prohibited the sale of each of the three classes of alcoholic beverages in the Town of Many. On December 5, 1976 the Sabine Parish Police Jury adopted an ordinance making it unlawful to sell alcoholic beverages of either high or low alcoholic content, in Ward 4 of the Parish, not including however the municipalities of Many and Fisher.
Appellants contend that the local option election held within the Town of Many was invalid. Specifically, they contend that there was not proper advertisement of the petition which was presented to the Town of Many; that the petition to the Town of Many did not contain 25% of the registered voters of said Town; that there was only one ballot used by both the Town of Many and the Sabine Parish Police Jury; and, that the election in the Town of Many and in Ward 4 failed to comply with 42 U.S.C.A. Section 1973c.
We note that with the exception of the appellants’ final contention they make no claim that the verified petition presented to the Sabine Parish Police Jury was defective or improperly advertised or that the election held in the unincorporated area of Ward 4 and in the Village of Fisher was otherwise invalid. Plaintiffs point to no infirmity, procedural or otherwise, in the ward-wide election call or in the conduct by the Sabine Parish Police Jury of said election. In this latter connection our independent review of the record indicates full compliance by the Police Jury with the provisions of LSA-R.S. 26:581 et seq. The verified petition presented to the Sabine Parish Police Jury called for a local option election for the entirety of Ward Four. The resolution for the election adopted by the Police Jury, which was properly advertised, provided for one ward-wide election with a separate determination of the local option to be made according to votes within the incorporated municipalities of Many and Fisher, as well as for the unincorporated area of Ward Four. The election results were so promulgated.
It is well settled in the jurisprudence that ward-wide local option elections under LSA-R.S. 26:581 et seq. must encompass both unincorporated areas and incorporated municipalities situated within the ward. LSA-R.S. 26:582 provides in pertinent part:
“In the case of such an election held on other than a parishwide basis the election shall be separately called and held, and the result separately binding for each in *227 corporated municipality, and for the unincorporated balance of the ward. . .”
LSA-R.S. 26:587 contains a substantially identical provision.
In McGee v. Police Jury of Caddo Parish, 225 La. 471, 73 So.2d 424, 427 (1954), the court in explaining these two local option provisions stated thusly:
“. . . When these two provisions are considered together, they clearly indicate that the statute contemplates that, when an election is called on a ward-wide basis and the ward contains an incorporated municipality, the issue presented shall be separately determined by the electorate for the municipality and for the unincorporated balance of the ward. It certainly does not contemplate that two elections shall be held, one for the unincorporated portion of the ward and one for the municipality or incorporated portion of the ward, because this section plainly provides that the issue in a ward-wide election shall separately be determined for the municipality and for the unincorporated balance of the ward. In such a ward-wide election called by the police jury the sale of intoxicating beverages could be prohibited in the municipality if the majority of the voters so voted, and the unincorporated portion of the ward could by a majority vote permit such sale, or ‘vote wet’, or vice versa. The purpose of this provision relied upon by relators was simply to enable the issue in a ward-wide election to be separately determined for the incorporated and the unincorporated portions of such ward. . . .”
Clearly then the election held in Ward 4 pursuant to the petition presented to the Sabine Parish Police Jury, was valid for the entire ward, both the incorporated and unincorporated portions thereof, since the Police Jury could only have called an election for the entirety of Ward Four. As stated in McGee, supra, two elections within a ward as between the unincorporated and incorporated areas are not contemplated under the local option statutes. Obviously there is no merit to appellants’ contention that more than one ballot should have been used in the election. Furthermore, we find no merit in appellants’ arguments that the election within the Town of Many was invalid due to the defects in and improper advertisement of the petition presented to the Town of Many. Many’s petition was circulated simultaneously with the Ward Four petition and was no doubt circulated to assure the election within the corporate limits of Many regardless of the outcome of the ward-wide petition. However, the need for a separate election in the Town of Many was superseded by the call for a ward-wide election by the Police Jury. For these reasons it is not necessary for us to consider appellants’ contentions relating to the alleged defects in the petition presented to the Town of Many, for such petition was superfluous. See Niette et al. v. Natchitoches Parish Police Jury et al., 348 So.2d 162 (La.App. 3rd Cir. 1977).
The Sabine Parish Ordinance and Ordinance No. 206 of the Town of Many, both enacted pursuant to the Ward Four election, are valid and constitutional in that as heretofore determined the election called by the Sabine Parish Police Jury pursuant to the Ward Four petition was conducted in full conformity with all the provisions of the local option statutes.
Finally, we find no merit in plaintiffs’ contention that the election was invalid for failure to comply with 42 U.S.C.A. Section 1973c for the reasons assigned in Wyatt v. Vernon Parish Police Jury, 341 So.2d 468 (La.App. 3rd Cir. 1977).
For the above and foregoing reasons the judgment appealed from is affirmed. All costs of these proceedings to be borne by the plaintiffs-appellants.
AFFIRMED.

. The record establishes that during the month of August, 1976 eight (8) of the petitioners to the Town of Many, wrote a letter to the mayor and city aldermen asking that their names be withdrawn from the petition.

. The petition is in the form prescribed by LSA-R.S. 26:583.