357 So.2d 1182 (1978)
Devon A. KELLY, Jr., Plaintiff-Appellant,
v.
VILLAGE OF GREENWOOD et al., Defendants-Appellees.
No. 13557.
Court of Appeal of Louisiana, Second Circuit.
February 17, 1978.
Writ Granted March 17, 1978.
*1183 Naff, Kennedy, Goodman, Stephens, Donovan & Parnell by David B. Clinkenbeard, Shreveport, for plaintiff-appellant.
James E. Bookter, Bossier City, for defendants-appellees.
Before BOLIN, PRICE and MARVIN, JJ.
MARVIN, Judge.
The Legislature adopted an election code in 1976 and 1977 to become effective on January 1, 1978.[1] R.S. 18:402, Act 545 of 1977, requires that "every bond, tax, or other election at which a proposition is to be presented to the voters shall be held only on one of the following dates: * * *"
In this case, after these laws were published, but before their effective dates, the Village of Greenwood called a local option election under L.R.S. Title 26 for Tuesday, January 3, 1978, a date not specified in R.S. 18:402(F), which we hold is applicable to local option elections.[2] The election resulted in Greenwood being voted dry. Plaintiff, a holder of a retail beer permit, sought to have the election declared null and void because it was not held on a date R.S. 18:402(F) specified as a date on which an election could be held. Election contests and appeals are expedited under the election code (R.S. 18:1401-1413) and in a hearing on plaintiff's suit filed on February 9, 1978, the lower court rejected plaintiff's demands. He appeals. We reverse.
We observe at the outset that the failure to hold an election on a date specified by the statute is not listed among the causes for which an election may be voided in R.S. 18:1432.[3] We hold, however, that an *1184 election may be held void for reasons other than those listed in R.S. 18:1432 and that the list therein is not exclusive. In so holding, we state the primary issue:
Is the mere failure to hold a local option election on a date specified in the election code mandatory grounds to void the election when it is possible to hold the election on a specified date?
In meeting the issue, we follow traditional rules of statutory construction, giving due regard to the pertinent sections in each Title (18 and 26) and avoiding the presumption, if at all possible, that the election code was intended to repeal any portion of the law providing for local option elections.
R.S. 18:402(F) specifies these dates at which a proposition to be submitted to the voters shall be held:
". . . (1) The last Saturday in October or the sixth Saturday after the last Saturday in October of 1979 and every fourth year thereafter;
"(2) The third Saturday in September or the first Tuesday after the first Monday in November of even-numbered years;
"(3) The first Saturday in April or the sixth Saturday after the first Saturday in April of any year;
"(4) The third Saturday in October or the sixth Saturday after the third Saturday in October of 1981 and every fourth year thereafter;
"(5) The third Saturday in January of any year, which, in addition to the other dates as provided for in this Subsection, shall be exclusively for elections on bonds, taxes, and other propositions or questions and for no other kind of election. . ."
We note that these are Saturday and not weekday dates and that further legislative purpose may be reasonably deduced to be the avoidance of the expense of multiplicity and frequency of elections which possibly create voter apathy. We also observe that the obvious intention of the Legislature is to avoid, if at all possible, even those elections held under special laws from being called on a date other than the dates specified in section 402. See R.S. 18:402(F)(6).
The local option election here was called on the basis of a voter petition (R.S. 26:583). The petition must be filed with the Registrar within 60 days from the date the first signature is affixed (584). Publication by the Registrar is required "at the earliest possible time" (584). The Registrar is also required to verify the petition and to present it to the governing body charged with the duty of calling the election.
It is at this point (the date of filing of the petition) that the governing body becomes vested with some discretion as to the date the election is called. R.S. 26:586 provides that the governing body shall order the election at a regular meeting[4] held not less than 30 nor more than 45 days from the date the petition was filed with the governing body. This section also provides that the date fixed for the election in the ordinance shall be not less than 45 nor more than 60 days from the date the ordinance was adopted.
Here the verified petition was presented to the Greenwood governing body on October 11, 1977. Under 586 and cases interpreting the section, the governing body could have met as late as November 24, 1977. The election, called by an ordinance adopted at a meeting on or before November 24, 1977, could have been legally fixed to be held on Saturday (January 21, 1978), a date specified in R.S. 18:402(F).
The election code, as originally enacted in 1976 and supplemented in 1977, provides:

*1185 ". . . Section 4. The provisions of this code shall become effective on January 1, 1978; however, all election officials and public employees who under the constitution and the provisions of this code are charged with administering the election laws or performing any duties or functions relating thereto shall, on and after this Act is finally enacted into law, take such immediate action as is necessary in order that the provisions of this code shall become fully operative on and after the effective date hereinabove fixed." Section 4, Act 697 of 1976.

We deem this sufficient notice to the governing body that its actions before January 1, 1978, should be taken to comply with the requirements of the election code if any part of the election process was to occur on or after January 1, 1978. In this sense, the election code was retroactive. In the sense that the mayor and governing body of a municipality are obligated by law (R.S. 26:586) to call a local option election upon proper petition, they are election officials within the meaning of the election code section quoted above.
Since this local option election could have been called on Saturday, January 21, 1978, and the Village of Greenwood chose to call an election after January 1, 1978, Greenwood's failure to call the election on a specified date which was available to it was fatal.
We cannot fault, however, or question the good faith of the Village officials in following the procedure that they did in this somewhat confusing area of the law.
Judgment below is reversed at appellee's cost to the extent that appellee may be legally responsible for costs and it is ordered that the local option election held on January 3, 1978, in the Village of Greenwood is declared void and of no effect.
NOTES
[1] See L.R.S. Title 18, Acts 697, 386, 526, 626 of 1976, and Act 545 of 1977.
[2] L.R.S. 26:589 provides in part that the election ". . . shall be conducted as nearly as possible in accordance with the election laws of this state." L.R.S. 26:591 provides in part that the election may be contested ". . . the same manner and under the same conditions as is provided by law for the . . . contest of elections under the general and special laws of this state."
[3] R.S. 18:1432 reads as follows:

"The final judgment in an election contest shall declare the election void if (1) it is impossible to determine the result of election, or (2) the number of qualified voters who were denied the right to vote by the election officials was sufficient to change the result in the election, if they had been allowed to vote, or (3) the number of unqualified voters who were allowed to vote by the election officials was sufficient to change the result of the election if they had not been allowed to vote, or (4) a combination of the factors referred to in (2) and (3) herein would have been sufficient to change the result had they not occurred."
[4] A public meeting with proper notice at the regular meeting place satisfies the requirement of regular meeting. See Nomey v. Jackson Parish Police Jury, 343 So.2d 315 (La.App. 2d Cir. 1977), writ denied.