ON MOTION TO DISMISS
FRED W. JONES, Jr., Judge.
Plaintiffs filed suit on December 2, 1982, seeking to annul a local option election held on April 10,1976, the results of which were promulgated on April 27,1976. Defendants filed exceptions of no right of action and no cause of action, asserting that plaintiffs’ suit was untimely because not filed within 30 days of the promulgation of the election results, as required by La.R.S. 26:590. Judgment was signed on December 22, 1982, sustaining the exception of no right of action and dismissing plaintiffs’ suit... On December 29,1982 the trial judge signed an order granting plaintiffs a devolutive appeal.
Defendants have filed a motion to dismiss the appeal, contending that it was not taken within 24 hours of the rendition of judgment as mandated by the Election Code.[1] *124 In opposition to the motion to dismiss, plaintiffs argue that the Election Code does not apply to a suit contesting a local option election as being an absolute nullity.[2]
We do not agree with plaintiffs’ contention. This court has expressly held that the Election Code governs local option elections. Kelly v. Village of Greenwood, 357 So.2d 1182 (La.App. 2d Cir.1978), reversed on other grounds at 363 So.2d 887 (La.1980). Also see Gruner v. Claiborne Parish Police Jury, 417 So.2d 18 (La.App. 2d Cir.1982).
La.R.S. 26:589 (dealing with local option elections) provides in pertinent part:
The elections shall be by secret ballot and shall be conducted as nearly as possible in accordance with the election laws of the state.
La.R.S. 26:591 provides:
Any elector who was qualified to vote in the election may demand a recount of the ballots or contest the election in the same manner and under the same conditions as is provided by law for the recount of ballots or contest of elections under the general and special laws of this state.
Plaintiffs’ argument that this litigation is removed from the ambit of the Election Code because it seeks to have a local option election declared absolutely null is without merit. The clear allegations of plaintiffs’ petition establishes this proceeding as an election contest. The nature of the asserted irregularities does not relieve the petitioners from the express procedural requirements of the Election Code.
Plaintiffs did not take an appeal within 24 hours of the rendition of the trial court judgment, as specified by the Election Code. Consequently, the motion to dismiss the appeal is sustained and the appeal is dismissed, at plaintiffs’ cost.

. La.R.S. 18:1409(D) provides in pertinent part: Within twenty-four hours after rendition of judgment, a party aggrieved by the judgment may appeal by obtaining an order of appeal and giving bond for a sum fixed by the court to secure the payment of costs.

. Nullity of the local option election is sought on a number of grounds, including the allegation that the ballot contained only three items rather than the four propositions stipulated by La.R.S. 26:587.