463 So.2d 609 (1984)
Ray STEPHENS, Plaintiff-Appellant,
v.
MADISON PARISH POLICE JURY, Defendant-Appellee.
No. 16606-CA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1984.
On Rehearing January 23, 1985.
Crawford A. Rose, Jr., Rayville, for plaintiff-appellant.
James D. Caldwell, Dist. Atty., Tallulah, for defendant-appellee.
Before PRICE, JASPER E. JONES and FRED W. JONES, Jr., JJ.
PRICE, Judge.
Plaintiff, Ray Stephens, appeals from a judgment in favor of defendant, Madison Parish Police Jury, upholding the results of a local option election held in Ward Eight of Madison Parish.
Plaintiff, Ray Stephens, is the owner of a small convenience store located in Madison Parish which sells alcoholic beverages. On September 23, 1982, a petition to call a local option referendum on the sale and consumption of alcoholic beverages in Ward 8 of Madison Parish was filed with the police jury. A resolution ordering the local option election was adopted by the police jury on November 11, 1982, and the election was held on January 15, 1983. The following four propositions were placed on the ballot:
(1) Shall the sale of beverages of low alcoholic content containing more than three and two-tenths percent alcohol by weight and not more than six percent alcohol by volume be permitted in Ward 8, Madison Parish, Louisiana?
(2) Shall the sale of beverages containing more than one-half of one percent alcohol by volume, but not more than three and two-tenths percent alcohol by weight be permitted in Ward 8, Madison Parish, Louisiana?
(3) Shall the sale of beverages of high alcoholic content containing more than six percent alcohol by volume for consumption on the premises be permitted in Ward 8, Madison Parish, Louisiana?
(4) Shall the sale of beverages of high alcoholic content containing more than six percent alcohol by volume be permitted by package only and not for consumption *610 on the premises in Ward 8, Madison Parish, Louisiana?
Each one of the propositions failed. On January 27, 1983, the police jury adopted a resolution promulgating the results of the special election and a proces verbal was issued. Plaintiff filed suit on January 27, 1983, seeking to have the election nullified and requested the issuance of a preliminary injunction to prohibit the police jury from passing an ordinance putting the election results into effect. After several hearings on various matters, a trial on the merits was held on June 7, 1984.
The evidence presented at the trial established that in October 1889, Ordinance 377 was adopted creating seven wards within Madison Parish. In April 1908, Ordinance 464 was adopted creating an eighth ward. Pursuant to a federal reapportionment plan in 1971, the parish was reapportioned into four wards with voting precincts. In 1979, the parish was further reapportioned into eight voting districts. The evidence revealed that the police jurors were elected from each newly created wards after the reapportionment in 1971 and from each district after the 1979 reapportionment. The tax assessor of Madison Parish, J.D. Sevier, testified that the tax records of the parish were maintained by wards and four wards had been on the assessment records since the reapportionment in the seventies. Myrtis Bishop, the registrar of voters for the parish of Madison, testified that the voter rolls were maintained pursuant to the district subdivision imposed by the 1979 reapportionment.
Old Ward Eight is now encompassed within the area now designated as Ward 3, District 2-A. The district is somewhat larger than the old ward area. At the election, approximately 6-7 people were not permitted to vote on the local option issue as they lived outside the confines of Old Ward Eight.
At trial, the plaintiff argued that the election was not timely called as required by La.R.S. 26:586 and that the election was void under La.R.S. 26:582 as it was called for an area less than a ward. Defendant essentially argued that the use of Old Ward 8 was permissible for a local option election as the reapportionment of the parish was federally mandated rather than initiated by voluntary action of the police jury. Defendant also asserted that the matter should be dismissed as the trial was not held within four days after the suit was filed as required by La.R.S. 18:1409 A.
The court found that for the purposes of a local option election, Old Ward Eight was still in existence even though the parish had been reapportioned. The court did not rule on the procedural issues raised by the parties. The court stated that it was "ignoring the technicalities" choosing rather to consider the substance of the election and appeared to find that the plaintiff failed to show that the results of the election would have been different.
The primary issue before this court on appeal is whether the use of Old Ward Eight is valid for purposes of a local option election. We reverse the judgment of the trial court for the following reasons.
La.R.S. 26:582 provides as follows:
Upon petition of not less than twentyfive percent of the qualified electors residing in any parish, ward, or any incorporated municipality the governing authority shall order a referendum election to be held to determine whether or not the business of manufacturing, producing, rectifying, distilling, blending, using, storing, distributing and selling alcoholic beverages, shall be conducted and licensed therein.
In the case of such an election held on other than a parishwide basis the election shall be separately called and held, and the result separately binding for each incorporated municipality, and for the unincorporated balance of the ward. In the case of an election called on a parishwide basis the result shall be binding on the entire parish.
No such election shall be held for the same subdivision oftener than once in every two years. (Emphasis added) *611 It is clear from the language of the statute that the only political subdivisions empowered to conduct a local option election are a parish, ward, or incorporated municipality. A ward is defined in La.R.S. 18:2 as a police jury ward.[1] The evidence establishes that pursuant to the federal reapportionment plan, Madison Parish was subdivided into four wards. The minutes of the police jury reflect that in regular session on July 8, 1971, the newly created wards and voting precincts were fully described by a metes and bounds description. It appears that the new wards and precincts were unanimously adopted by the jury. On August 9, 1979, the police jury unanimously approved the reapportionment into eight voting districts and boundary descriptions of each of the new districts were included in the meeting minutes. Police jurors were then elected pursuant to the district reapportionment.
Once the jury adopted the reapportionment in 1971 into four wards, it appears that the old ward lines were not used for any election purpose. As Old Ward 8 no longer served any political purpose, it was effectively abolished. All the parish records were maintained pursuant to the reapportionment and the police jurors were elected from the newly created wards. The unanimous adoption of the reapportionment accompanied by the metes and bounds description of the newly created wards had the same practical effect as if the police jury had reapportioned itself.
The court in Williams v. Town of Many, 350 So.2d 224 (La.App. 3d Cir.1977) examining the local option election statutes, La. R.S. 26:581 et seq., held that a police jury may only call a local option election for the entirety of a ward.
In the instant case, the election was invalid as the area for which it was called was not a ward as required by La.R.S. 26:582. In other words, Old Ward 8 ceased to function as a ward or to serve any election purpose after the reapportionment in 1971 and in 1979.
Having determined that the election held in Old Ward 8 was invalid, it becomes necessary to ascertain the correct geographical area in which the local option election should be held in order to comply with La.R.S. 26:582. There appears to be some confusion as to the area for which a local option election may be called as the statute does not appear to recognize the creation of voting districts by reapportionment.
Ann Thomas, secretary of the Madison Parish Police Jury, testified that the voting districts were used for the election of police jurors or for any election in the parish. As noted earlier, Old Ward 8 had no political function whatsoever after the initial reapportionment.
Examining the statutes closely, it would appear that a voting district would correspond to the geographical area known as a ward. It is necessary to disregard the designation or labeling of an area as either a ward or voting district and to examine the exact political function of the particular area. A ward is defined as a police jury ward. Thus, a voting district is equivalent to a ward under the statute as it is an area from which a police juror is elected.
Defendant argues that plaintiff failed to prove that the result of the election would have been different, that is, there was substantial compliance with the local option election statutes.
As recognized in Niette v. Natchitoches Parish Police Jury, 348 So.2d 162 (La.App. 3d Cir.1977), the "... power to prohibit the sale of alcoholic beverages is properly exercised only if the Police Jury acts pursuant to the authority conferred by the Local Option Statutes ..." at p. 165. The statutes empower the police jury to call a local option election in a strictly specified area. Without this fundamental delegated power, any action taken by the police jury would be invalid. Therefore, since the police jury had no authority to call an election for less *612 than a ward, the election is null and void. Whether or not there was substantial compliance with the election statutes is irrelevant without the initial authority to call the election for a particular area. In other words, the incorrect election area is not a technical or procedural irregularity to be considered for substantial compliance but rather a fatally defective error. Certainly, the proper voting unit or geographical area is one of the most critical elements in calling an election.
In light of the above findings, it is not necessary for this court to consider the procedural arguments advanced by the parties.
For these reasons, the judgment appealed is reversed and set aside. Judgment is rendered herein in favor of plaintiff declaring the local option election held in Ward 8 of Madison Parish, Louisiana, on January 15, 1983, to be null and void. In addition, judgment is rendered herein declaring null and void the ordinance adopted by the Madison Parish Police Jury to effectuate the results of the local option election. Costs on appeal and in the trial court are assessed against the Madison Parish Police Jury insofar as such costs may be taxed against a subdivision of the state of Louisiana.
Before JASPER E. JONES, FRED W. JONES, Jr., SEXTON and NORRIS, JJ., and PRICE, J. Pro Tem.

ON REHEARING
PRICE, Judge Pro Tem.
We granted a rehearing in this matter to correct what we now find to be an incorrect holding that a police jury voting district is equivalent to a ward for the purposes of holding a local option election under LSA-R.S. 26:582. This holding was unnecessary for the resolution of this case as we specifically found in our original opinion that original Ward Eight of Madison Parish was abolished by the action of the police jury on July 8, 1971, when the jury passed a resolution creating four wards for the parish to correspond to a federal reapportionment plan.
As noted in the original opinion, each of the newly created wards was fully described by a metes and bounds description. Police jurors were elected from the wards until further reapportionment into districts in 1979. Most notably, the tax records of the parish were maintained by wards and four wards had been on the assessment records since the seventies. There was no evidence that Old Ward Eight served any political purpose whatsoever after the police jury unanimously adopted the four ward system.
We continue to adhere to this finding that the number of wards were reduced from eight to four and that the ward lines were changed accordingly. Therefore, as we held in our original opinion, the election was invalid as the area for which it was called was not a ward as required by LSA-R.S. 26:582. The election could only be called for the entirety of one of the four wards of the parish which existed after July 8, 1971.
We acknowledge our error in attempting to relate a ward to a police jury election district in our original resolution of this issue. We are convinced that the two do not necessarily have to coincide.
We also find it appropriate to further clarify the reasons why the trial and appeal of this case was not controlled by the Election Code.
As noted in the original opinion, defendant argues that under the Election Code the plaintiff must prove that the result of the election would have been different, LSA-R.S. 18:1401(C) and further, both plaintiff and defendant argue that the time restrictions for an election contest in 18:1409 are applicable.
While this court has previously held that the Election Code governs local option elections, Troquille v. Red River Parish Police Jury, 430 So.2d 123 (La.App. 2d Cir.1983) writ denied 433 So.2d 181 (La.1983), Gruner v. Claiborne Parish Police Jury, 417 So.2d 18 (La.App. 2d Cir.1982) writ denied *613 420 So.2d 456 (La.1982), and Kelly v. Village of Greenwood, 357 So.2d 1182 (La. App. 2d Cir.1978), the facts of the instant case mandate a different conclusion.
The above cited cases all were concerned with irregularities which were not of a sufficient degree to justify declaring the election under attack an absolute nullity. The police jury derives its sole authority to call an election from LSA-R.S. 26:582. This statute grants the jury the power to call such an election for only a specified geographic area. The jury lacks the power or authority to call an election other than as provided by this statute.
When an election is called and held in an incorrect geographical area contrary to the provisions of the statute, there is a lack of authority to conduct the election and the election so held is an absolute nullity. Therefore, the Election Code has no applicability to an action brought to have the election declared a nullity under circumstances such as are present in this case. See Justice Dixon's dissent in Kelly v. Village of Greenwood, 363 So.2d 887 (La.1978).
Subject to the modifications contained herein, our original opinion, and the judgment set forth therein, is reinstated.
AFFIRMED.
NOTES
[1] This court has held in numerous cases that the Election Code governs local option elections. See Troquille v. Red River Parish Police Jury, 430 So.2d 123 (La.App. 2d Cir.1983) and citations therein.