520 So.2d 1167 (1987)
John L. SMALL, Plaintiff-Appellant,
v.
Wilton DESSELLE, Defendant-Appellee.
No. 87-1342.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1987.
Gilda R. Small, Marksville, for plaintiff-appellant.
Charles A. Riddle III, Marksville, for defendant-appellee.
Before GUIDRY, STOKER and DOUCET, JJ.
GUIDRY, Judge.
This is an election contest suit brought pursuant to La.R.S. 18:1401 et seq.
*1168 On October 24, 1987, an election was held in Avoyelles Parish to elect a Parish Police Jury member from District 15. The plaintiff-appellant, John Small, Sr., and Wilton A. Desselle, the appellee, were the only candidates for that office. Desselle won the election by 84 votes.
Plaintiff filed this suit on November 10, 1987 contesting the results of the election. In his original petition, he alleges that 84 people who voted in the District 15 election were non-residents and thus ineligible to vote. In an amending and supplemental petition filed on November 24, 1987, the plaintiff alleged that some 103 votes cast in the District 15 election failed to register and be counted by reason of a voting machine malfunction.
The defendant filed exceptions of prescription, no cause of action, no right of action, and failure to join indispensable parties.[1] The trial court sustained the exception of prescription and dismissed plaintiff's suit with prejudice. Plaintiff timely instituted this appeal.
Plaintiff concedes that this suit was filed seventeen (17) days after the election. La. R.S. 18:1405B provides:
"B. All action[s] contesting any election involving election to office shall be instituted within seven days after the date of the election, and no such contest shall be declared moot because of the performance or nonperformance of a ministerial function including but not limited to matters relating to the printing of ballots for the general election."
In oral reasons for judgment, the trial court concluded that the time period set forth in Section 1405B within which an election suit must be instituted is peremptive. Therefore, the court reasoned plaintiff's untimely suit should be dismissed.
This matter was submitted to this court without oral argument by consent of the parties. For the reasons which follow, we affirm concluding that by reason of peremption, plaintiff's petition fails to state a cause of action.
An early case discussing peremption is Guillory v. Avoyelles Ry. Co., 104 La. 11, 28 So. 899 (1900), which involved the contest of a tax proposition. The statute that allowed the tax election contest provided that any suit must be instituted within three months after the promulgation of the results of the election. The date of the election was July 26, 1894, and suit was filed on April 29, 1899. In discussing the statute, the court stated:
"When a statute creates a right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly speaking one of prescription, but it is one of peremption. Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost." Guillory, supra, 28 So. at 901.
In Hebert v. Doctors Memorial Hosp., 486 So.2d 717 (La.1986), our Supreme Court discussed the criteria outlined in Guillory, supra, for distinguishing between peremption and prescription, stating:
"In Guillory v. Avoyelles Railway Co., the Louisiana Supreme Court found peremptive the three-month period to file suit when contesting the validity of a property tax election. The statute under consideration in Guillory both created the right of action and stipulated the delay during which the right could be exercised. Other statutes with both characteristics (creation of the right and stipulation of the delay for filing suit) have also been found to have established peremptive periods.10 Another characteristic of a statutorily created peremptive period is the existence of an underlying public interest that a right exist only for a limited period of time. Thus the Guillory court emphasized the need for one with grounds to challenge a tax to do so promptly, before large sums of money were expended under the authorization.11" (Footnotes omitted).
*1169 In Hebert, supra, the court discussed the differences between prescription and peremption stating:
"Peremption differs from prescription in several respects. Although prescription prevents the enforcement of a right by legal action, it does not terminate the natural obligation (La.Civ.Code art. 1762 (1))12; peremption, however, extinguishes or destroys the right (La.Civ.Code art. 3458). Public policy requires that rights to which peremptive periods attach are to be extinguished after passage of a specified period. Accordingly, nothing may interfere with the running of a peremptive period. It may not be interrupted or suspended; nor is there provision for its renunciation. And exceptions such as contra non valentem are not applicable. As an inchoate right, prescription, on the other hand, may be renounced, interrupted, or suspended; and contra non valentem applies an exception to the statutory prescription period where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues." (Footnote omitted).
We have considered the issue presented, in light of the foregoing principles, and conclude that the time period set forth in La.R.S. 18:1405B is peremptive.
The Election Code specifically provides for an action contesting an election to an office and stipulates that such action shall be instituted within seven (7) days after the election. The statute thus creates the cause of action and stipulates the delay within which the right is to be executed. In suits contesting elections or objecting to candidacy, public interest demands that the issue be disposed of quickly. Therefore, the right to contest an election or an individual's right to office should exist only for a limited period of time. Hebert, supra, at 722; Guillory, supra, 28 So. at 901. The need for finality of elections is of very high priority. Thus, litigants have a limited time period within which to institute suit and the courts are directed to hear such cases on a preferential basis. See La.R.S. 18:1409.
In Evans v. West, 357 So.2d 916 (La.App. 2d Cir.1978), our brethren of the Second Circuit held that La.R.S. 18:1405A, which allows a ten day period for one to object to a candidate's qualifications for office, is a peremptive period. La.R.S. 18:1405A and B contain the same operative language with respect to delays, as both paragraphs state that actions "shall be instituted" within the time period set forth therein.
For these reasons, we conclude that plaintiff's action filed after expiration of the peremptive period of La.R.S. 18:1405B fails to state a cause of action. The judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] The written pleadings urging these exceptions are not in the record.