Dear Ms. Wilson Mr. Fox:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request raises the following inquiry for our review:
 Should a local option election be called and held in a "ward" or a "voting district"?
In general, the Local Option Law governing the sale of alcoholic beverages is found within the provisions of LSA-R.S. 26:582 and LSA-R.S. 26:583, which provide, respectively:
582. Petition for election; separate elections; frequency limited.
 A. Upon petition of not less than twenty-five percent of the qualified electors residing in any ward or any incorporated municipality the governing authority shall order a referendum election to be held to determine whether or not the business of selling alcoholic beverages shall be conducted and licensed therein.
 B. In the case of such an election held on a ward or municipal basis the election shall be separately called and held, and the result separately binding for each incorporated municipality, and for the unincorporated balance of the ward. (Emphasis added).
 C. No such election shall be held for the same subdivision more often than once in every two years.
* * *
583. Effect of merger.
 A. When a portion of a ward or municipality is annexed or made a part of another ward, municipality or city-parish government, the portion annexed or made a part shall take on the legal sales characteristics, as provided in this chapter, of the ward, municipality, or city-parish government to which it is annexed or made a part of.
 B. The provision of this Section shall be applicable to any election previously called under this Title or any other local option law and to any territory covered by such election which has subsequently been merged with another ward, incorporated municipality or portion thereof or whose boundary has been changed, it being the intention of this Chapter that the sale of beverages covered by this Title be permitted or prohibited only in an entire ward or incorporated municipality and not in any portion thereof. (Emphasis added).
We are aware that members of the parish governing bodies were formerly elected from the old wards. Pursuant to federal mandate and in compliance with the "one-man-one-vote" rule, these boundaries have changed. In nearly all parishes, members of the parish governing bodies are now elected from single-member election districts which are redrawn every ten years following the federal census. These districts are sometimes drawn without consideration to the old ward lines.
There is no specific statutory authority in support of the contention that a "district" corresponds geographically to a "ward" for purposes of local option elections held under LSA-R.S. 26:582. In fact, there is jurisprudential authority to the contrary. Addressing local option elections concerning alcoholic beverages, the court in Stephens v. Madison Parish Police Jury, 463 So.2d 609 (La.App. 2d. Cir. 1984) initially determined that "a voting district is equivalent to a ward under the statute as it is an area from which a police juror is elected." Stephens, supra, at page 611. On rehearing, the court recanted this position, stating:
 We granted a rehearing in this matter to correct what we now find to be an incorrect holding that a police jury voting district is equivalent to a ward for the purposes of holding a local option election under LSA-R.S. 26:582. . . . We acknowledge our error in attempting to relate a ward to a police jury election district in our original resolution of this issue. We are convinced that the two do not necessarily have to coincide. Stephens, supra, at page 612; (Emphasis added).
In the facts recited in Madison, supra, the Madison Parish Police Jury passed a resolution reducing the number of wards in the parish from eight to four, effective July 8, 1971. On August 9, 1979, police jury unanimously approved the reapportionment into eight voting districts from which the police jurors were elected. The local option election was called in November of 1982 by the police jury. The issue in that case was whether an election called under the old eight-ward scheme was valid, as opposed to holding the election under the current four-ward scheme established by ordinance. It is interesting to note that the court did not consider the possibility of calling the local option election in one of the new voting districts from which the police jury members were elected. The court continued to acknowledge the viability of the old ward lines for purposes other than the election of police jury members, despite the existence of new election districts created by reapportionment.
We infer from the ruling in Madison that it is the voluntary action of the police jury which is required to eliminate the old wards. Absent the action of the police jury specifically abolishing the old wards, these units still retain some efficacy and function. In addition to the calling of local option elections under LSA-R.S. 25:582, the court noted that a political function of the old wards from which the police jurors were formerly elected still exists, such as maintenance of tax records. Accordingly, the old wards are not completely devoid of use.
We agree that the old wards no longer have relevance with respect to representation on the parish governing authority. The new election districts, redrawn after every federal census, are clearly the units of election for representation to that body. However, solely for the purposes of local option with respect to the sale of alcoholic beverages, we are constrained to follow the holding of Madison vs. Stephens, supra, and acknowledge, in those parishes where wards have not been abolished by formal action of the police jury, the wards are still in existence for purposes of local option elections under LSA-R.S. 26:581, et seq. To achieve a different result is in contradiction to jurisprudential authority, which is binding upon this office.
This area of the law is ripe for legislative amendment. It is ultimately the responsibility of the legislature to cure the problem by legislative amendment defining "ward" as parish "election voting district" within the local option laws, should this be the desired result. Short of legislative amendment, a police jury may pass an ordinance defining "wards" as coterminous with election voting districts.
We hope the foregoing is helpful to you. Should you have other questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
BY: KERRY L. KILPATRICK Assistant Attorney General KLK:ams 0065y