849 So.2d 87 (2003)
TOWN OF CHURCH POINT, et al.
v.
ACADIA PARISH POLICE JURY, et al.
No. 03-890.
Court of Appeal of Louisiana, Third Circuit.
July 14, 2003.
Order Denying Rehearing July 15, 2003.
J. Lee Wimberley, Jr., Vidrine & Wimberley, Church Point, LA, for Plaintiffs/Appellants *88 Town of Church Point, Et Al.
Andre' Doguet, Rayne, LA, for Defendants/Appellees Acadia Parish Police Jury, Et Al.
Court composed of ULYSSES GENE THIBODEAUX, JOHN D. SAUNDERS, and BILLY H. EZELL, Judges.
THIBODEAUX, Judge.
This matter is before the court on the devolutive appeal of the plaintiffs-appellants, the Town of Church Point and Roger Boudreaux, the Mayor of the Town of Church Point. The plaintiffs are appealing a judgment of the trial court denying their request to enjoin a special tax election called for July 19, 2003. The plaintiffs argue the Acadia Parish Police Jury, acting as the governing authority of the Mosquito Control Sales Tax District #3 of Acadia Parish (hereinafter the "District"), had no statutory or constitutional authority to adopt a resolution calling for the July 19, 2003 election to authorize the District to levy and collect a tax.
The relevant facts are not in dispute. On May 20, 2003, the Acadia Parish Police Jury, relying on La.R.S. 33:2721.6, adopted Ordinance 854 creating Mosquito Control Sales Tax District # 3. Also on May 20, the Police Jury, acting as the governing authority of the District, adopted a resolution calling for a July 19, 2003 election to place a proposition before the voters of the district to authorize the District to levy and collect a tax. The Town of Church Point, as well as its mayor, filed suit on June 25, 2003, seeking an injunction and in the alternative, a request for mandamus to enjoin the election.
The trial court at a hearing on July 8, 2003, found that the Police Jury, not the District, called the election and that it had the statutory power to do so. The trial court, therefore, denied the injunction and in the alternative, the mandamus relief. The trial court did not address the issue of the possible unconstitutional delegation of the power by the Police Jury to authorize the district to levy a sales tax. It is from this ruling which appellants have sought the appeal.
For the reasons assigned below, we find that the trial court's judgment should be affirmed but on the ground that the plaintiffs' action is perempted.
This is an election suit objecting to the calling of a special election. Pursuant to La.R.S. 18:1405(G), such actions must be instituted within fourteen days after the calling of the election. The calling of the special election occurred on May 20, 2003 by resolution. Suit was not instituted until June 25, 2003, past the fourteen day period. Therefore, we must determine whether this time period pursuant to 18:1405(G) is peremptive.
This court in Small v. Desselle, 520 So.2d 1167 (La.App. 3 Cir.1987), set forth the analysis to be employed in determining whether a statutory time period for a cause of action is peremptive. The court therein stated:
An early case discussing peremption is Guillory v. Avoyelles Ry. Co., 104 La. 11, 28 So. 899 (1900), which involved the contest of a tax proposition. The statute that allowed the tax election contest provided that any suit must be instituted within three months after the promulgation of the results of the election. The date of the election was July 26, 1894, and suit was filed on April 29, 1899. In discussing the statute, the court stated:
"When a statute creates a right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly *89 speaking one of prescription, but it is one of peremption. Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost." Guillory, supra, 28 So. at 901.
In Hebert v. Doctors Memorial Hosp., 486 So.2d 717 (La.1986), our Supreme Court discussed the criteria outlined in Guillory, supra, for distinguishing between peremption and prescription, stating:
"In Guillory v. Avoyelles Railway Co., the Louisiana Supreme Court found peremptive the three-month period to file suit when contesting the validity of a property tax election. The statute under consideration in Guillory both created the right of action and stipulated the delay during which the right could be exercised. Other statutes with both characteristics (creation of the right and stipulation of the delay for filing suit) have also been found to have established peremptive periods.10 Another characteristic of a statutorily created peremptive period is the existence of an underlying public interest that a right exist only for a limited period of time. Thus the Guillory court emphasized the need for one with grounds to challenge a tax to do so promptly, before large sums of money were expended under the authorization.11" (Footnotes omitted).
In Hebert, supra, the court discussed the differences between prescription and peremption stating:
"Peremption differs from prescription in several respects. Although prescription prevents the enforcement of a right by legal action, it does not terminate the natural obligation (La. Civ.Code art. 1762 (1))12; peremption, however, extinguishes or destroys the right (La.Civ.Code art. 3458). Public policy requires that rights to which peremptive periods attach are to be extinguished after passage of a specified period. Accordingly, nothing may interfere with the running of a peremptive period. It may not be interrupted or suspended; nor is there provision for its renunciation. And exceptions such as contra non valentem are not applicable. As an inchoate right, prescription, on the other hand, may be renounced, interrupted, or suspended; and contra non valentem applies an exception to the statutory prescription period where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues." (Footnote omitted).
We have considered the issue presented, in light of the foregoing principles, and conclude that the time period set forth in La.R.S. 18:1405B is peremptive.
The Election Code specifically provides for an action contesting an election to an office and stipulates that such action shall be instituted within seven (7) days after the election. The statute thus creates the cause of action and stipulates the delay within which the right is to be executed. In suits contesting elections or objecting to candidacy, public interest demands that the issue be disposed of quickly. Therefore, the right to contest an election or an individual's right to office should exist only for a limited period of time. Hebert, supra, at 722; Guillory, supra, 28 So. at 901. The need for finality of elections is of very high priority. Thus, litigants have a limited time period within which to institute suit and the courts are directed to hear such cases on a preferential basis. See La.R.S. 18:1409.
*90 In Evans v. West, 357 So.2d 916 (La. App. 2d Cir.1978), our brethren of the Second Circuit held that La.R.S. 18:1405A, which allows a ten day period for one to object to a candidate's qualifications for office, is a peremptive period. La.R.S. 18:1405A and B contain the same operative language with respect to delays, as both paragraphs state that actions "shall be instituted" within the time period set forth therein.
For these reasons, we conclude that plaintiff's action filed after expiration of the peremptive period of La.R.S. 18:1405B fails to state a cause of action. The judgment of the trial court is affirmed at appellant's cost.
520 So.2d at 1168-69.
In this case, we find that the time period set forth in La.R.S. 18:1405(G) was intended to limit the duration of the right of a party to contest the calling of a special election. Accordingly, the statute created a peremptive period. Having failed to file their claim within this period, the Plaintiffs' action is now lost, that is, the plaintiffs cannot now object to the calling of this special election. See La.R.S. 18:1405(G). Their remedy is now limited to challenging the legality of the election and tax, if authorized, pursuant to La.R.S. 18:1405(E).
The judgment of the trial court denying appellants' request for an injunction is affirmed. Costs of the appeal are assessed against the appellants, the Town of Church Point and Roger Boudreaux.
AFFIRMED.
SAUNDERS, J., Dissents and Assigns Written Reasons.
SAUNDERS, J., dissents.
Although the parties did not raise the issue of peremption, the majority is certainly correct in its determination that the question of peremption may be raised by the court on its own motion. In my view, the interest of justice would best be served by addressing the issues raised by the parties and either ruling that the election was properly and legally called, or that it was not properly called and should be enjoined. The course we follow here largely ensures further litigation and the very real possibility that the taxpayers of Acadia Parish may be saddled with the cost of an election levying a tax that may eventually be held to be unconstitutional. A definitive decision issued at this time would almost certainly save substantial expense, and I would prefer to follow this course rather than the one chosen by the majority.
REHEARING DENIED: The appellants' Motion for Rehearing is denied for the following reason. Pursuant to La.R.S. 18:1409(I), no application for rehearing "shall be entertained by any court ..." from a ruling in an election proceeding. The present suit is clearly an action pursuant to La.R.S. 18:1404(A)(2) and La. R.S. 18:1405(G), objecting to the calling of a special election.
SAUNDERS, J. dissents, and will assign written reasons on July 16, 2003.
SAUNDERS, J., dissenting.
Although the parties did not raise the issue of peremption, the majority is certainly correct in its determination that the question of peremption may be raised by the court on its own motion. Louisiana Revised Statute 18:1409(I) allows this court on its own motion to "correct manifest error to which its attention is called." In my view, the interests of justice would best be served by addressing the issues that have been raised by the parties and ruling either that the election was properly *91 and legally called, or that it was not properly called and should be enjoined.
In this case, the majority held that La. R.S. 18:1405(G) governs the disposition of this issue. Pursuant to La.R.S. 18:1405(G) actions objecting to the calling of a special election must be instituted within 14 days after the calling of the election. The calling of the special election took place on May 20, 2003, while the suit objecting to the calling of the special election was not instituted until June 25, 2003, well outside the prescribed 14-day statutory period. As such, according to the majority, the plaintiff's action filed after the expiration of the peremptive period of La.R.S. 18:1405(G) fails to state a cause of action and must be dismissed.
However, Louisiana has developed jurisprudence over the course of the last 96 years that contradicts the position held by the majority and should result in La.R.S. 18:1405(G) being found inapplicable to the case at hand. This jurisprudence, in the aggregate, stands for the proposition that if an election contains deficiencies "more serious than a mere irregularity," the election is void or is to be considered an absolute nullity. In these instances, rules applicable to the election code are inapplicable because the election itself is to be treated as if it has never occurred. In Police Jury of Tangipahoa v. Town of Ponchatoula, 118 La. 138, 42 So. 725 (1907) the police jury of Tangipahoa was petitioned to hold a local option election and passed an ordinance fixing the date for the election. The police jury of Tangipahoa took no action, instead the president of the police jury chose the place, time and ballot form of the election. The Louisiana Supreme Court held that the lack of action on the part of Parish authorities rendered the election void without the contestant being required to come forward with proof that the result would have differed if the police jury had selected the place, time and ballot form rather than its president. Prior to this decision, the contestant of the election was required to come forward with proof that the election result would have been different if the alleged irregularity had not occurred. In this case, however, the Louisiana Supreme Court recognized the principle that election deficiencies "more serious than mere irregularity" may result in an election being void without the requirement that the contestant come forward with proof that the result would have been different had the deficiency not arisen.
In Felder v. Police Jury of Livingston Parish, 207 La. 550, 21 So.2d 724 (1945) the Louisiana Supreme Court again addressed the issue of election deficiencies greater than mere irregularity. In that case the contestant to the election alleged that the election petition did not contain the signatures of the requisite percentage of qualified voters and that the election commissioners had been appointed beforehand by conspiracy. Again, the Louisiana Supreme Court held inapplicable the rule requiring one who contests an election for irregularities to demonstrate how they affect the outcome because in the instant case the plaintiffs were contending that the calling of this election by the police jury was unauthorized and that the election itself was illegally held. Felder, 207 La. at 555-56, 21 So.2d at 726.
In Kelly v. Village of Greenwood, La., 363 So.2d 887 (1978) the Louisiana Supreme Court again revisited the issue of election deficiencies greater than mere irregularity. In that case, plaintiff D.A. Kelly instituted an action to declare a local option election void. The Louisiana Supreme Court found that a new election code had repealed conflicting local option election laws and that the Greenwood governing authority erred in not fixing the *92 date of the election for Saturday, January 21, 1978, as required by La.R.S. 18:402(F). While the majority of the court found such deficiency not serious enough to declare the election void, Justice Dixon's dissent states sound law applicable to the case at hand. Justice Dixon proposes to classify election code violations into those which are only irregular and those which are illegal. Kelly, 363 So.2d at 891. In some cases, failure to comply with provisions of the law will result only in irregularity requiring the contestant to prove that the deviation from the law changed the election results. Id. In other cases, the deviation may render the election illegal, and the contestant should not be required to prove a different result because "no election has been held." Id.
The second circuit in Stephens v. Madison Parish Police Jury, 463 So.2d 609 (La.App. 2 Cir.1984) also addressed the election irregularity conundrum that had bedeviled the supreme court for the previous 77 years. In that case, a petition to call a local option referendum on the sale and consumption of alcoholic beverages was filed with the police jury. The election was called and held to be invalid because redistricting had eliminated the political subdivision in which the election occurred. On rehearing, Judge Price writing for the court found the following:
The police jury in this case derived its sole authority to call an election from LSA-R.S. 26:582; the statute only granted the police jury the power to call an election only for the specified geographic area; and that the police jury lacks the power or authority to call an election other than as provided by LSA-R.S. 26:582. Furthermore, when an election is called and held in an incorrect geographical area contrary to the provisions of the statute, there is a lack of authority to conduct the election and the election so held is an absolute nullity. Stephens, 463 So.2d 609, 609-13 at 613 (La.App. 2 Cir.1984).
Therefore, the Election Code has no applicability to an action brought to have the election declared a nullity under circumstances which are analogous to the present case.
In our case, the plaintiffs, Town of Church Point and Roger Boudreaux, the Mayor of the Town of Church Point, are appealing the trial court's denial of their request to enjoin a special tax election called for July 19, 2003. The facts are not in dispute. On May 20, 2003, the Acadia Parish Police Jury, relying on La.R.S. 33:2721.6 adopted Ordinance 854 creating Mosquito Control Sales Tax District #3. Also on May 20, the Police Jury, acting as the governing authority of the District, adopted a resolution calling for a July 19, 2003, election to place a proposition before the voters of the district to authorize the Mosquito Control Sales Tax District # 3 to levy and collect a tax.
Louisiana Revised Statute 33:2721.6(A)(1) allows the governing authority of any parish to levy and collect an additional tax. Louisiana Revised Statute 33:2721.6(C)(1) gives the governing authority of any parish the authorization to create special districts to utilize the additional authorized taxes. Louisiana Revised Statute 33:2721.6(C)(3) defines the governing authority of any such district created by a police jury shall be the police jury of said parish. Louisiana Revised Statute 33:2721.6(E) requires that the ordinance imposing the tax shall be adopted by a police jury only after the question of the imposition of the tax shall have been submitted to the qualified electors of the parish or special district at an election called, conducted, canvassed and promulgated in accordance with the general election laws of the state of Louisiana and the majority *93 of those voting in the election shall have voted in favor of the adoption of the ordinance. However, La.R.S. 33:2721.6 does not authorize the Acadia Parish Police Jury power to delegate its tax levying and collection powers to the newly created Mosquito Control Sales Tax District #3. Such power resides in the governing body of the parish exclusively, in this case the Acadia Parish Police Jury.
Determining when an election deficiency requires nullification of an election and the resulting inapplicability of election laws is easily met in this case by examining past cases and applying the resulting legal principles to the case at issue. Nullification of the election and inapplicability of the election laws was found to be warranted when an election contains deficiencies "more serious than a mere irregularity." Instances of conduct "more serious than a mere irregularity" have been found to occur when: the authorized governing body fails to act, the election petition does not contain the signatures of the requisite percentage of qualified voters and the election commissioners have been appointed beforehand by conspiracy; the election occurs in a nonexistent political subdivision; and when the authorized governing body has exceeded its statutory authority. The jurisprudence indicates that a deficiency will be considered "more than a mere irregularity" if the deficiency concerns gross inaction on the part of the authorized governing body or action on the part of the authorized governing body that exceeds statutory limits. Furthermore, deficiencies that impair the ability of the election to be conducted fairly and impartially will also be suspect.
In this case, the delegation of the power to levy and collect the tax to the Mosquito Control Sales Tax District # 3 is beyond the scope of the powers granted to the Acadia Parish Police Jury according to La.R.S. 33:2721.6. and is therefore, more than a mere irregularity. Louisiana case law holds that when an election is called and held by a body contrary to the provisions of the statute, in this case La. R.S. 33:2721.6, there is lack of authority to conduct the election and the election so held is an absolute nullity. Accordingly, the laws governing elections should be inapplicable, specifically La.R.S. 18:1405(G), and the election in the present case should be enjoined.
Tragically, the course we follow here largely ensures further litigation and the very real possibility that the taxpayers of Acadia Parish may be saddled with the cost of an election levying a tax that may eventually be held to be unconstitutional. A definitive decision issued at this time would almost certainly save substantial expense.