STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-518

MARY L. MORRIS

VERSUS

STATE OF LOUISIANA/ATTORNEY GENERAL, ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2005-1954
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Marc T. Amy, and Glenn B. Gremillion
Judges.

AFFIRMED.

Terry James Manuel
Assistant District Attorney
Post Office Box 3206
Lake Charles, LA 70602
(337) 437-3400
COUNSEL FOR DEFENDANT/APPELLEE:
    H. Lynn Jones, II

Merietta Spencer Norton
Elections Sect. Sec. State
8549 United Plaza Blvd.
Baton Rouge, LA 70809
(225) 922-0900
COUNSEL FOR DEFENDANT/APPELLEE:
    W. Fox McKeithen

**Tyrone Anthony Larkins, Jr.**
**Attorney at Law**
**8549 United Plaza Blvd.**
**Baton Rouge, LA 70809**
**(225) 922-0900**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **W. Fox McKeithen**

**William P. Bryan, III, Esq.**
**Attorney General's Office**
**Post Office Box 94005**
**Baton Rouge, LA 70804**
**(225) 326-6000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **State of Louisiana, Attorney General's Office**

**Mary L. Morris**
**In Proper Person**
**2345 See St.**
**Lake Charles, LA 70601**
**(337) 436-5172**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Mary L. Morris**

DECUIR, Judge.

The plaintiff-appellant appeals the judgment of the trial court which dismissed her suit on the ground of prescription. For the reasons ascribed herein, we affirm the trial court's dismissal of the instant action.

On April 13, 2005, the plaintiff filed her Petition to Contest Election Results challenging the election of April 2, 2005, for the position of District A City Council for the City of Lake Charles. Named as defendants in this suit were the State of Louisiana through Attorney General Charles Foti, and H. Lynn Jones, II, Clerk of Court of Calcasieu Parish.

On April 15, 2005, W. Fox McKeithen, in his official capacity as Secretary of State for the State of Louisiana, filed a Motion to Intervene. The trial court denied this motion on April 19, 2005, writing, "PETITION FILED BY PLAINTIFF, MARY L. MORRIS, WAS SUPPLEMENTED/AMENDED TO INCLUDE SECRETARY OF STATE BEFORE THIS PRESENTED TO COURT; AND, THIS DEFENDANT ACTUALLY PARTICIPATED IN HEARING OF APRIL 18, 2005. THIS ORDER NOW MOOT." This court notes, though, that the record is absent any supplemental or amending petition.

The defendant, H. Lynn Jones, II, Clerk of Court of Calcasieu Parish, filed the peremptory exceptions of no cause of action, prescription, and peremption on April 18, 2005. The Secretary of State also filed exceptions of prescription and no cause of action and argued that the plaintiff's suit was perempted.

Trial of the plaintiff's action was set for April 18, 2005. At this hearing, the trial court entertained arguments on the exceptions. After hearing the arguments, the trial court granted the exceptions of prescription, deciding not to reach a decision on the exceptions of no cause of action. The trial court

1

signed a written judgment in open court granting the exceptions of prescription and ordering the dismissal of the plaintiff's action with prejudice at plaintiff's cost.

The plaintiff sought an appeal of the trial court's judgment. Upon receipt of the record in this matter, this court, *sua sponte*, remanded this matter for the trial court to hold a hearing to enter onto the record the information necessary for this court to make a determination as to the timeliness of this appeal. The transcript from the hearing ordered by this court indicates that the plaintiff presented her motion for appeal to the trial court within twenty-four hours of the trial court's signing of the judgment of dismissal; however, the trial court states on the record that the order was not signed until after the expiration of this time period.

Although La.R.S. 18:1409(D) requires the aggrieved party to obtain an order of appeal and to give bond in an amount set by the trial court within twenty-four hours of rendition of judgment, the trial court stated on the record that any failure of the appeal in the instant case to comply with this statutory provision was not imputable to the plaintiff. Therefore, we will proceed to examine the merits of the plaintiff's appeal in this case.

At issue in the instant case is the application of La.R.S. 18:1405(B). This provision reads, "An action contesting any election involving election to office shall be instituted on or before 4:30 p.m. of the ninth day after the date of the election, and no such contest shall be declared moot because of the performance or nonperformance of a ministerial function including but not limited to matters relating to the printing of ballots for the general election." As previously stated by this court, the election the plaintiff challenges in the matter *sub judice* was conducted on April 2, 2005. Therefore, any petition

2

seeking to challenge this election had to be filed no later than 4:30 p.m., April 11, 2005. The plaintiff admits that her petition was not filed until April 13, 2005. Accordingly, the petition is untimely.

The plaintiff argued at the April 18, 2005 hearing and at oral argument that the time limitation of § 1405(B) is unconstitutional and, therefore, should not be applied to bar her action. The plaintiff cites La.R.S. 18:574(E), which contains a different time period for the promulgation of the returns for elections by the Secretary of State. Moreover, the plaintiff complains of the vagueness and ambiguity of the language of the Louisiana Election Code. Finally, the plaintiff sets forth a compendium of constitutional arguments.

We find no merit to the plaintiff's arguments as to the constitutionality of § 1405(B). The court in *Fitzmorris v. Lambert,* 382 So.2d 169 (La.App.1 Cir.), *writ denied,* 384 So.2d 793 (La. 1979), upheld the constitutionality of this provision, even though § 1405(B) required the filing of an action challenging an election within five days of the election under the wording of the statute then applicable. Furthermore, there exists no conflict between the time delays for the promulgation of election returns as forth in § 574 and the time delays for challenging elections pursuant to § 1405.

The plaintiff also makes the argument that § 1405 is ambiguous as to the date on which the delay for filing the action should begin to run. We find no merit to this argument as the statute clearly states that the nine day delay commences to run on the day following the conducting of the election. Notwithstanding plaintiff's contention that the language of the Election Code, in general, is confusing, we find that the wording of § 1405(B) is clear and free of any ambiguity or vagueness.

In conclusion, this court finds that the trial court's ruling granting the

3

exception of prescription is correct. In fact, the time period set forth in §
1405(B) has been held to be peremptive. *Small v. Desselle*, 520 So.2d 1167
(La.App. 3 Cir. 1987). Thus, upon the expiration of the nine day period for
challenging an election, the cause of action ceases to exist. Accordingly, we
find that the trial court correctly dismissed the plaintiff's suit with prejudice as
her claim ceased to exist prior to the filing of her petition. Costs of this appeal
are assessed against the plaintiff.

**AFFIRMED.**