417 So.2d 18 (1982)
Marie GRUNER, et al., Plaintiff-Appellant,
v.
CLAIBORNE PARISH POLICE JURY, et al., Defendant-Appellee.
No. 14922.
Court of Appeal of Louisiana, Second Circuit.
June 15, 1982.
Writ Denied October 1, 1982.
*19 Watson, Murchison, Crews, Arthur & Corkern by Ronald E. Cockren, Jr., Natchitoches, for plaintiff-appellant.
Leon H. Whitten, Dist. Atty., Jonesboro, for defendant-appellee.
Before PRICE, HALL and JASPER E. JONES, JJ.
JASPER E. JONES, Judge.
This is an action to have an ordinance prohibiting the sale of beverages of high alcoholic content in Ward Four of Claiborne Parish declared a nullity and to enjoin its enforcement.
The plaintiffs are Marie Gruner and Carmen Thornton, both operators of businesses engaged in retail liquor sales.[1] The defendants are the Claiborne Parish Police Jury (hereinafter the "Jury"), the District Attorney for the Second Judicial District, and the Sheriff of Claiborne Parish.
Plaintiffs contend the ordinance should be annulled and its enforcement enjoined because it was adopted pursuant to an illegal local option election. Plaintiffs contend the election was illegal because of 6 alleged irregularities during the election process.
The petition requesting the local option election in Ward 4 of Claiborne Parish was received by the Registrar of Voters on July 13, 1981. The petition and the names of its valid signers were published in The Haynesville News on July 23, 1981.
The Registrar filed the petition and a letter stating that the petition had been published, that it contained 91 valid signatures, a sufficient number of the 300 registered voters of Ward 4, and that the earliest signature was dated June 14, 1981, with the Secretary of the Jury on July 28, 1981. The Secretary attached to the petition a statement that it had been received on July 28, 1981.
On August 12, 1981, the Jury adopted a resolution calling a special election in Ward 4 on October 17, 1981,[2] for the submission of the following propositions to the voters:
(1) SHALL THE SALE OF BEVERAGES OF LOW ALCOHOLIC CONTENT CONTAINING MORE THAN THREE AND TWO TENTHS PERCENT ALCOHOL BY WEIGHT, AND NOT MORE THAN SIX PERCENT ALCOHOL BY VOLUME BE PERMITTED?
(2) SHALL THE SALE OF BEVERAGES OF HIGH ALCOHOLIC CONTENT, CONTAINING MORE THAN SIX PERCENT ALCOHOL BY VOLUME FOR CONSUMPTION ON THE PREMISES BE PERMITTED?
(3) SHALL THE SALE OF BEVERAGES OF HIGH ALCOHOLIC CONTENT, CONTAINING MORE THAN SIX PERCENT ALCOHOL BY VOLUME BY THE PACKAGE ONLY AND NOT FOR CONSUMPTION ON THE PREMISES BE PERMITTED?
Notice was given "to the qualified voters of Ward 4, Claiborne Parish, Louisiana" that the election would be "held at the polling places now established in Road District Number Four."
On October 17, 1981, the local option and a school tax election were held. The vote in the local option election was as follows:

*20
 Yes No
Proposition #1 86 84
Proposition #2 79 93
Proposition #3 67 95

The Jury promulgated the results of the election on November 11, 1981. On that day the Jury also adopted Ordinance No. 554 prohibiting the sale, possession for sale or consumption on retail business premises of any fluid or solid capable of conversion into a fluid, containing more than 6% alcohol by volume. The penalty clause of the ordinance provides as punishment for its violation of a $100 fine or not more than 30 days imprisonment or both.
The plaintiffs brought this action and obtained temporary restraining orders. On November 30, 1981, the rule for a preliminary injunction was tried and by consent of counsel the entire matter was decided on the evidence adduced on the trial of the rule.
The district judge rendered judgment dismissing plaintiffs' demands and plaintiffs took this appeal. Plaintiffs set out only one assignment of error on appealthat the district judge erred in finding the local option election had been conducted in substantial compliance with LSA-R.S. 26:581 et seq. In support of their assignment appellants point to 6 alleged irregularities in the election proceedings:
(1) the resolution calling the election was adopted less than 30 days after the petition was filed with the Jury;
(2) the ballot did not specify the area to which the propositions applied;
(3) the Registrar's letter of July 28, 1981 contained erroneous information and was not verified;
(4) the ballot also contained a school tax proposition;
(5) the Jury failed to attach a certificate to the petition showing the day, month and year filed; and
(6) the notice of the election was confusing because it indicated that the election would be conducted at the polling places in Road District 4 rather than Ward 4.
Appellants contend that a local option election is invalid if not conducted in substantial compliance with the provisions of LSA-R.S. 26:581 et seq. They vigorously argue that the presence of the above enumerated irregularities, both individually and in combination, means that the election was not conducted in substantial compliance with LSA-R.S. 26:581 et seq.
In the past our courts have determined the validity of local option elections under the substantial compliance test of LSA-R.S. 26:590.[3] See McCrary v. Police Jury of Caddo Parish, 66 So.2d 416 (La.App. 2d Cir. 1953), affirmed 225 La. 489, 73 So.2d 431 (1954); Boddie v. Morehouse Parish Police Jury, 91 So.2d 463 (La.App. 2d Cir. 1956). However, in our view, whether vel non there was substantial compliance must now be determined in light of the provisions of R.S. 18:1401 et seq. of the Election Code.
This court considered a challenge to a local option election in Kelly v. Village of Greenwood, 357 So.2d 1182 (La.App. 2d Cir. 1978). There the local option election had been called for and held on a date not permitted by R.S. 18:402. Recognizing that holding an election on an improper day is not among the causes for voiding an election listed in R.S. 18:1432,[4] this court held that the list was not exclusive and that the *21 election was invalid. Though it is not set out in the opinion we conclude the basis for the holding of the election invalid was that it was not held in substantial compliance with R.S. 26:589[5] by not being in substantial compliance with R.S. 18:402.
The supreme court granted writs and reversed in Kelly, 363 So.2d 887 (La.1978). The supreme court agreed with this court that the Greenwood governing authority had erred in fixing the election date in violation of R.S. 18:402(F). However, the supreme court then refused to declare the election void, quoting R.S. 18:1401(C):
"A person in interest may bring an action contesting any election in which any proposition is submitted to the voters if he alleges that except for irregularities or fraud in the conduct of an election the result would have been different."
and then said:
"[I]n order to successfully contest an election, the challenger must not only allege that, except for irregularities or fraud in the conduct of the election, the result would have been different, but must prove that the alleged irregularity or fraud resulted in one or more causes for declaring an election void under La.R.S. 18:1432...."
Under the rule of Kelly one who would attack a local option election must show two things (1) substantial noncompliance in the form of an irregularity of such a nature that without it the result of the election would have been different and (2) that the irregularity resulted in one of the causes listed in R.S. 18:1432.[6]
Here plaintiffs have failed to show even the first requirement for voiding the election. They have neither alleged nor proved that had any or all of the alleged irregularities not occurred the result of the election would have been different. The district judge properly rejected their demands in the absence of such allegations and supporting proof.
This conclusion is supported by the jurisprudence.
In Johnston v. Morehouse Parish Police Jury, 401 So.2d 517 (La.App. 2d Cir. 1981), this court, citing Kelly, recognized that even the violation of a mandatory requirement of R.S. 26:586 is not grounds for voiding a local option election where the error did not affect the result of the election. In Brock v. St. James Parish Council, 400 So.2d 745 (La.App. 4th Cir. 1981), writs denied 400 So.2d 1391 (La.1981), an exception of no cause of action was sustained to a petition attacking a tax election which failed to allege the complained of irregularity caused a different result than would have occurred otherwise.
The judgment is AFFIRMED at appellants' cost.
NOTES
[1] The record contains evidence that plaintiff Thornton's business is located in Ward 4 of Claiborne Parish. It is unclear where Gruner's business is located.
[2] Apparently one of the reasons the Jury moved so rapidly in calling the election was to have it held on October 17, a state election day, enabling the Jury to avoid bearing the expense of conducting the local option election.
[3] R.S. 26:590If the petition fails to substantially comply with the requirements provided in this Chapter or if the other requirements specified in this Chapter for the calling or conduct of the election are not substantially complied with, the election is illegal and ineffective and may be declared null and void by any court of competent jurisdiction at the suit of any elector who was qualified to vote in the election. This suit shall be brought within thirty (30) days of the promulgation of the results of the election.
[4] R.S. 18:1432"A. If the trial judge in an action contesting an election determines that: (1) it is impossible to determine the result of election, or (2) the number of qualified voters who were denied the right to vote by the election officials was sufficient to change the result in the election, if they had been allowed to vote, or (3) the number of unqualified voters who were allowed to vote by the election officials was sufficient to change the result of the election if they had not been allowed to vote, or (4) a combination of the factors referred to in (2) and (3) herein would have been sufficient to change the result had they not occurred..."
[5] R.S. 26:589"The elections shall be by secret ballot and shall be conducted as nearly as possible in accordance with the election laws of the state. Where not otherwise provided by this Chapter, or by any other law, the authority calling the election shall provide in the call for the manner in which the election shall be conducted and the result thereof promulgated.

..."
[6] It might be contended that the rationale of Kelly is not controlling here because some of the alleged irregularities in this case relate to the way the election was called rather than conducted. Though this argument has a surface appeal, it fails when closely scrutinized in the light of Kelly.

In its opinion in Kelly this court said "[S]ince this local option election could have been called on Saturday, January 21, 1978, and the Village of Greenwood chose to call an election after January 1, 1978, Greenwood's failure to call the election on a specified date which was available to it was fatal." 357 So.2d 1185. The dissent in the supreme court's opinion in Kelly carefully distinguishes between defects in calling and conducting elections and points out that this case involved the former. Nevertheless, the majority applied R.S. 18:1401(C) and R.S. 18:1432 to the case.
Considering the dissent and this court's opinion in Kelly we conclude that a majority of the supreme court intends for the election code to apply to defects in calling elections as well as defects in their conduct.