hPER CURIAM.
Garrett Walker, Jr., plaintiff in an action attacking a January 21, 1995, election to renew a five-mill property tax and create another five-mill property tax for law enforcement, appeals the trial court judgment dismissing his action with prejudice. Walker contended that the election should be invalidated because the requirements of La. R.S. 18:1283(A) were not met. On our own motion, we note that this appeal was not timely perfected and this court lacks jurisdiction. The appeal is dismissed. Alternatively, and if the appeal is timely, for the reasons expressed below we would affirm the judgment of the trial court.
FACTS
Sheriff Dale Rinicker of East Carroll Parish called the special ad valorem tax election as chief executive officer of the East Carroll Parish Law Enforcement District. Prior to the election the law enforcement district published a notice of special election which stated that the sheriff would count, examine and canvass the returns at a public meeting at the police jury room of the courthouse in Lake Providence on January 23, 1995 at 2:00 p.m. and then declare the results of the election. On January 21 the majority of the voters in East Carroll Parish approved the proposition. According to La.R.S. 18:573(A), the voting machines were opened and the votes tallied on the third day after the election, Tuesday, January 24,1995.
The initial proces verbal filed with the clerk of court and submitted to the secretary of state had several errors which were acknowledged by the sheriff and his employees during testimony. The first proces verbal was dated January 5, 1995, obviously before the election even took place, omitted the *2 totals from the absentee ballots, declared that the tax measure had been defeated when the vote tally showed that a majority were favorable, and stated that the canvass was conducted January |¾21 at 2:00 p.m. in the afternoon, several hours before the polls were closed. Employees of the Secretary of State pointed out the errors to sheriff’s department personnel who prepared an amended proees verbal April 4, 1995. This amended proees verbal showed that the votes were examined and canvassed on January 24,1995 at 2:00 p.m., contrary to the notice of special election which had stated that meeting would occur on January 23.
In other litigation between these same parties, the sheriff was ordered to properly promulgate the election in Walker v. Rinicker, et al., 28179 (La.App.2d Cir. 4/3/96), 671 So.2d 1267, writ denied, (La.6/7/96) 674 So.2d 977. During the hearing on this matter, the trial court noted that the promulgation was made in June 1996. This suit attacking the election was timely filed within the 60 days required. La.R.S. 18:1294 and 1405(E).
Plaintiff alleged that the election results were not properly examined, canvassed and declared in public session according to R.S. 18:1292 which governs canvassing of returns. At the trial, the sheriff and his personnel acknowledged all the errors made in the notice and in the original proces verbal which were corrected in the amended proces verbal. They explained that the meeting to canvass and examine the votes and declare the returns could not be conducted on January 23 because the election machines were picked up by clerk of court personnel on that day and were not opened until the 24th.
At the hearing on Friday, August 30,1995, at the close of plaintiffs ease, the defendant made an oral motion to dismiss because plaintiff neither alleged nor proved any of the specific, substantial irregularities required by the election code to invalidate an election. The trial court acknowledged that plaintiff had established that errors were made in the original proces verbal and in the notice of the election. (¡Plaintiff testified that he appeared at the police jury room on January 23 and waited for approximately one hour during which time he saw no one conducting a meeting. He also acknowledged that he asked no one from the clerk’s office, the police jury or the sheriffs office when or where the public meeting would be held. La. R.S. 18:1401(C) requires that a person in interest may bring an action contesting an election if he alleges that, except for irregularities or fraud in the conduct of the election, the result would have been different. La.R.S. 18:1432 provides that, if a trial judge in an election contest determines that, first, it is impossible to determine the result of the election, second, the number of qualified voters denied the right to vote was sufficient to change the result, third, the number of unqualified voters who were allowed to vote was sufficient to change the result or, finally, a combination of two and three, the judge may render a judgment declaring the election void. Since plaintiff neither made those allegations nor offered proof to that effect, the motion to dismiss was granted.
DISCUSSION

TIMELINESS OF THE APPEAL

La. R.S. 18:1409(D) states:
Within 24 hours after rendition of judgment, a party aggrieved by the judgment may appeal by obtaining an order of appeal and giving bond for a sum fixed by the court to secure the payment of costs. The clerk of the trial court shall give notice of the order of appeal to the clerk for the court of appeal and to all the parties or their counsel of record. The trial judge shall fix the return date at a time not to exceed three days after rendition of judgment.
The judgment is considered to have been rendered when it is signed by the trial judge. La.R.S. 18:1409(J). In 1995, La.R.S. 18:1413 was amended to state:
Computation of all time intervals in this Chapter shall include Sundays and other legal holidays. However, if the time interval ends on a Sunday or other legal holiday, then noon of the next legal day shall be deemed to be the end of the time interval.
^According to a certificate filed by the East Carroll Parish Clerk of Court, this *3 judgment was rendered and signed on Friday, August 30, at 2:00 p.m. The motion and order for appeal were filed on September 3, 1996 at 9:30 a.m. The appeal bond was filed on September 3, 1996 at 2:30 p.m. La. R.S. 1:55(3) provides that Saturday shall be considered a legal holiday for the purposes of computation of time under La. C.C.P. art. 5059. A legal holiday is included in computation of a time period except when it is expressly excluded, otherwise it would be the last day of the period, or the period is less than seven days. However, in this case legal holidays are expressly included in the time intervals of the Election Code delays. Since Saturday; Sunday; and Monday, Labor Day, September 2, were all legal holidays, plaintiff had until noon on Tuesday, September 3 to perfect his appeal. La. R.S. 18:1314. Although the motion for appeal was filed timely, plaintiffs bond was not timely filed.
In Dumas v. Jetson, 446 So.2d 747 (La.App. 1st Cir.1983), reversed and remanded on other grounds 445 So.2d 424 (La.1984), the court noted that in a 1980 amendment, the term “24 hours” replaced the term “one day” in 18:1409(D) as the time for obtaining an order of appeal and filing the appeal bond. The purpose of this amendment was to specifically define the period of time within which the requisite procedural actions must be taken in order to perfect an appeal in an election case. In the Dumas case, the judge rendered his decision at 5:07 p.m. on December 12, 1983. On December 13 at 4:53 p.m. Dumas filed his order of appeal which was signed at 4:58 p.m. However, he did not file his appeal bond until 5:29 p.m. or 22 minutes after the period of time provided in the statute had expired. Because he had failed to accomplish the act set out in 18:1409(D), his appeal was not properly perfected, was untimely and was dismissed. The court noted that fewhere the timely filing of an appeal bond is essential to properly perfect the appeal, the appeal may be dismissed if the appeal bond is not timely filed. In supreme court action which did not disturb the appellate court’s dismissal of the appeal as untimely, the court stated that the delay for appealing an election contest is governed by special statute, 18:1409, and the 24-hour delay period is based on the obvious need for expedited treatment. 445 So.2d at 425.
Because plaintiff failed to file his appeal bond by noon Tuesday, September 3, 1996, this appeal is untimely and is dismissed. La. R.S. 18:1413.

MOTION TO DISMISS AT CLOSE OF PLAINTIFF’S CASE

To expedite review of this tax election contest, and to avoid a remand in the event that the Louisiana Supreme Court reverses our decision on the timeliness of the appeal, we make the following ruling on the merits of the appeal, assuming it is timely.
This appeal lacks merit. The trial court properly granted the motion to dismiss at the close of plaintiffs case. The formalities for bond, debt and tax elections are set forth in the Election Code, at La. R.S. 18:1283(A) which provides that the election shall be substantially in compliance with the election laws in Title 18 except that the election shall be called, conducted, canvassed, promulgated and notice thereof given by the governing authority of the political subdivision in accordance with the procedures set forth. Notice of the election is to be published in a newspaper in accordance with the provisions of 18:1285. It is uncontested that the notice was properly placed in the newspaper but contained an error as to the date of examination and canvassing the votes and declaring the result. As previously noted, the public meeting for canvassing the returns is governed by 18:1292 and contests of election results are set out in 18:1294.
^Contests and challenges to elections are governed by the Election Code. La.R.S. 18:1401 et seq. La. R.S. 1401(C) states that a person in interest may contest an election if he alleges that but for irregularities or fraud in the conduct of the election, the result would have been different. The proper party defendant is the governing authority who called the election submitting a proposition. La.R.S. 18:1402. In this matter at the hearing, the defendant conceded that the proper party defendant was the East Carroll Parish Law Enforcement District which was substituted at the hearing by agreement of plaintiff and defendant for the East Carroll Parish *4 Sheriffs Department as a party defendant. La.R.S. 18:1432 states:
A. If the trial judge in an action contesting an election determines that: (1) it is impossible to determine the result of election, or (2) the number of qualified voters who were denied the right to vote by the election officials was sufficient to change the result in the election, if they had been allowed to vote, or (3) the number of unqualified voters who were allowed to vote by the election officials was sufficient to change the result of the election if they had not been allowed to vote, or (4) a combination of the factors referred to in (2) and (3) herein would have been sufficient to change the result had they not occurred, the judge may render a final judgment declaring the election void and ordering a new primary or general election for all the candidates, or, if the judge determines that the appropriate remedy is the calling of a restricted election, the judge may render a final judgment ordering a restricted election, specifying the date of the election, the appropriate candidates for the election, the office or other position for which the election shall be held, and indicating which voters will be eligible to vote.
B. If the trial judge determines that an action contesting an election or objecting to candidacy was filed frivolously, he may award all costs of court, plus a reasonable attorney fee, plus damages, to the defendant.
Absent fraud or gross irregularities, courts will not set aside the results of an election. Stewart v. Livingston Parish Police Jury, 340 So.2d 1045 (La.App. 1st Cir.1976). In Gruner v. Claiborne Parish Police Jury, 417 So.2d 18 (La.App. 2d Cir.1982), writ denied, 420 So.2d 456 (La.1982), this court affirmed the trial court’s refusal to set aside an ordinance adopted in a local option election which plaintiffs ^contended was illegal because of alleged irregularities in the election. The Gruner opinion relied on Kelly v. Village of Greenwood, 357 So.2d 1182 (La.App. 2d Cir.1978), in which a local option election had been called for and held on a date not permitted by statute. Although this court invalidated the election as having been held on an improper day, the supreme court granted writs and reversed even though the election was on the wrong day. Citing La. R.S. 18:1401 and 1432, the supreme court held a person in interest may bring an action contesting an election if he alleges that, but for irregularities or fraud in the election, the result would have been different. A person must show substantial noneomplianee in a form of an irregularity of such magnitude that, without it, the result of the election would have been different. The Gruner plaintiffs failed to allege any irregularities occurred which changed the election outcome. Therefore, this court rejected their demands in absence of those allegations and proof.
Although the sheriff and his personnel concede that errors were made, plaintiff neither alleged nor offered any proof that, except for irregularities or fraud in the election, the result would have been different. La.R.S. 18:1401(C). The result of the election was not contested in this matter and there were no allegations or proof that the number of qualified voters denied the right to vote were sufficient to change the results of the election or the number of unqualified voters allowed to vote were sufficient to change the result of the election, or any combination of those factors. La.R.S. 18:1432. Therefore, the trial court properly dismissed this action with prejudice at the close of the plaintiffs case.
In brief, defendant requested damages and attorney’s fees for frivolous appeal. The proper vehicle to seek damages for frivolous appeal is an answer to ^appeal. La. C.C.P. art. 2133. Defendant did not answer this appeal. State in the Interest of Muse v. Ross, 26544 (La.App.2d Cir. 8/4/94), 641 So.2d 721.
CONCLUSION
For the foregoing reasons, the judgment of the trial court dismissing plaintiffs action with prejudice is affirmed at his costs.
AFFIRMED.