IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA
NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SARASOTA COUNTY PUBLIC
HOSPITAL DISTRICT d/b/a
SARASOTA MEMORIAL
HOSPITAL and SARASOTA
MEMORIAL HEALTH CARE
SYSTEM,

CASE NO.: 1D16-5013

and

LEE MEMORIAL HEALTH
SYSTEM and CAPE MEMORIAL
HOSPITAL, INC.,

CASE NO.: 1D16-5014

      Appellants,

v.

FLORIDA AGENCY FOR
HEALTH CARE
ADMINISTRATION,

      Appellee.

_____/

Lawrence J. Hamilton II, Jacksonville, and Tiffany A. Roddenberry, Tallahassee, of Holland & Knight LLP, for Appellants.

Joseph M. Goldstein and Dan P. Daley, Fort Lauderdale, Stephen T. Maher, Miami, Daniel E. Nordby and Amber Stoner, Tallahassee, of Shutts & Bowen LLP; Stefan R. Grow, General Counsel, and Tracy Cooper George, Chief Appellate Counsel for Florida Agency for Health Care Administration,

Tallahassee, for Appellee.

_____

THE PUBLIC HEALTH TRUST        CASE NO.: 1D16-5070
OF MIAMI-DADE COUNTY,
FLORIDA,

        Appellant,

v.

AGENCY FOR HEALTH
CARE ADMINISTRATION,

        Appellee.
_____/

Christopher Charles Kokoruda, Laura E. Wade, and Abigail Price-Williams, Miami-Dade County Attorneys, Miami, for Appellant.

Joseph M. Goldstein and Dan P. Daley, Fort Lauderdale, Stephen T. Maher, Miami, Daniel E. Nordby and Amber Stoner, Tallahassee, of Shutts & Bowen LLP; Stefan R. Grow, General Counsel, and Tracy Cooper George, Chief Appellate Counsel for Agency for Health Care Administration, Tallahassee, for Appellee.

_____

MOUNT SINAI MEDICAL        CASE NO.:  1D16-5077
CENTER OF FLORIDA, INC.,

and

SHANDS JACKSONVILLE        CASE NO.:  1D16-5078
MEDICAL CENTER, INC., d/b/a
UF HEALTH JACKSONVILLE,

and

BAPTIST HOSPITAL, INC.,        CASE NO.:  1D16-5082

and

INDIAN RIVER MEMORIAL             CASE NO.:  1D16-5083
HOSPITAL, INC., d/b/a INDIAN
RIVER MEDICAL CENTER,

and

LAKELAND REGIONAL                 CASE NO.:  1D16-5084
MEDICAL CENTER, INC.,

and

SHANDS TEACHING HOSPITAL          CASE NO.:  1D16-5086
AND CLINICS, INC., d/b/a UF HEALTH
SHANDS HOSPITAL,

     Appellants,

v.

STATE OF FLORIDA,
AGENCY FOR HEALTH
CARE ADMINISTRATION,

     Appellee.
_____/

Seann M. Frazier and Marc Ito, Tallahassee, and Jonathan L. Rue, Atlanta, Georgia, of Parker, Hudson, Ranier & Dobbs, for Appellants.

Joseph M. Goldstein and Dan P. Daley, Fort Lauderdale, Stephen T. Maher, Miami, Daniel E. Nordby and Amber Stoner, Tallahassee, of Shutts & Bowen LLP; Stefan R. Grow, General Counsel, and Tracy Cooper George, Chief Appellate Counsel for State of Florida, Agency for Health Care Administration, Tallahassee, for Appellee.

_____

MIAMI BEACH HEALTHCARE            CASE NO.:  1D16-5092
GROUP, LTD., d/b/a AVENTURA

3

HOSPITAL AND MEDICAL CENTER; HCA HEALTH SERVICES OF FLORIDA, INC., d/b/a BLAKE MEDICAL CENTER; GALENCARE, INC., d/b/a BRANDON REGIONAL HOSPITAL; TALLAHASSEE MEDICAL CENTER, INC., d/b/a CAPITAL REGIONAL MEDICAL CENTER; CENTRAL FLORIDA REGIONAL HOSPITAL, INC., d/b/a CENTRAL FLORIDA REGIONAL HOSPITAL; CITRUS MEMORIAL HOSPITAL, INC., d/b/a CITRUS MEMORIAL HOSPITAL; SARASOTA DOCTORS HOSPITAL, INC., d/b/a DOCTORS HOSPITAL OF SARASOTA; ENGLEWOOD COMMUNITY HOSPITAL, INC., d/b/a ENGLEWOOD COMMUNITY HOSPITAL; FAWCETT MEMORIAL HOSPITAL, INC., d/b/a FAWCETT MEMORIAL HOSPITAL; FORT WALTON BEACH MEDICAL CENTER, INC., d/b/a FORT WALTON BEACH MEDICAL CENTER; BAY HOSPITAL, INC., d/b/a GULF COAST MEDICAL CENTER; JFK MEDICAL CENTER LIMITED PARTNERSHIP, d/b/a JFK MEDICAL CENTER; JFK MEDICAL CENTER LIMITED PARTNERSHIP, d/b/a JFK MEDICAL CENTER-NORTH CAMPUS; KENDALL HEALTHCARE GROUP, LTD., d/b/a KENDALL REGIONAL MEDICAL CENTER; NOTAMI HOSPITALS OF FLORIDA, INC., d/b/a LAKE CITY MEDICAL CENTER;  LARGO MEDICAL CENTER, INC., d/b/a LARGO MEDICAL CENTER; LARGO MEDICAL CENTER, INC., d/b/a LARGO MEDICAL CENTER-INDIAN ROCKS; LAWNWOOD

4

MEDICAL CENTER, INC., d/b/a LAWNWOOD REGIONAL MEDICAL CENTER & HEART INSTITUTE; NEW PORT RICHEY HOSPITAL, INC., d/b/a MEDICAL CENTER OF TRINITY; NEW PORT RICHEY HOSPITAL, INC., d/b/a MEDICAL CENTER OF TRINITY WEST PASCO CAMPUS; MEMORIAL HEALTHCARE GROUP, INC., d/b/a MEMORIAL HOSPITAL JACKSONVILLE; WEST FLORIDA - MHT, LLC, d/b/a MEMORIAL HOSPITAL OF TAMPA; PLANTATION GENERAL HOSPITAL LIMITED PARTNERSHIP, d/b/a MERCY HOSPITAL, A CAMPUS OF PLANTATION GENERAL HOSPITAL; NORTH FLORIDA REGIONAL MEDICAL CENTER, INC., d/b/a NORTH FLORIDA REGIONAL MEDICAL CENTER; GALENCARE, INC., d/b/a NORTHSIDE HOSPITAL; NORTHWEST MEDICAL CENTER, INC., d/b/a NORTHWEST MEDICAL CENTER; HCA HEALTH SERVICES OF FLORIDA, INC., d/b/a OAK HILL HOSPITAL; MARION COMMUNITY HOSPITAL, INC., d/b/a OCALA REGIONAL MEDICAL CENTER; MARION COMMUNITY HOSPITAL, INC., d/b/a WEST MARION COMMUNITY HOSPITAL; ORANGE PARK MEDICAL CENTER, INC., d/b/a ORANGE PARK MEDICAL CENTER; OSCEOLA REGIONAL HOSPITAL, INC., d/b/a OSCEOLA REGIONAL MEDICAL CENTER; WEST FLORIDA - PPH, LLC, d/b/a PALMS OF PASADENA HOSPITAL; PALMS WEST HOSPITAL LIMITED PARTNERSHIP, d/b/a PALMS WEST HOSPITAL; PLANTATION GENERAL HOSPITAL LIMITED PARTNERSHIP, d/b/a PLANTATION GENERAL HOSPITAL; POINCIANA

5

MEDICAL CENTER, INC., d/b/a POINCIANA MEDICAL CENTER; PUTNAM COMMUNITY MEDICAL CENTER OF NORTH FLORIDA, LLC, d/b/a PUTNAM COMMUNITY MEDICAL CENTER; OKEECHOBEE HOSPITAL, INC., d/b/a RAULERSON HOSPITAL; HCA HEALTH SERVICES OF FLORIDA, INC., d/b/a REGIONAL MEDICAL CENTER BAYONET POINT; HCA LONG TERM HEALTH SERVICES OF MIAMI, INC., d/b/a SISTER EMMANUEL HOSPITAL; SUN CITY HOSPITAL, INC., d/b/a SOUTH BAY HOSPITAL; MEMORIAL HEALTHCARE GROUP, INC., d/b/a SPECIALTY HOSPITAL JACKSONVILLE; HCA HEALTH SERVICES OF FLORIDA, INC., d/b/a ST. LUCIE MEDICAL CENTER; GALEN OF FLORIDA, INC., d/b/a ST. PETERSBURG GENERAL HOSPITAL; WEST FLORIDA - TCH, LLC, d/b/a TAMPA COMMUNITY HOSPITAL; OKALOOSA HOSPITAL, INC., d/b/a TWIN CITIES HOSPITAL; UNIVERSITY HOSPITAL, LTD., d/b/a UNIVERSITY HOSPITAL AND MEDICAL CENTER; WEST FLORIDA REGIONAL MEDICAL CENTER, INC., d/b/a WEST FLORIDA HOSPITAL; and COLUMBIA HOSPITAL CORPORATION OF SOUTH BROWARD, d/b/a WESTSIDE REGIONAL MEDICAL CENTER,

Appellants,

v.

AGENCY FOR HEALTH CARE ADMINISTRATION,

Appellee.

6

_____/

Stephen A. Ecenia, David M. Maloney, J. Stephen Menton, and Gabriel F. V. Warren of Rutledge Ecenia, Tallahassee, for Appellants.

Joseph M. Goldstein and Dan P. Daley, Fort Lauderdale, Stephen T. Maher, Miami, Daniel E. Nordby and Amber Stoner, Tallahassee, of Shutts & Bowen LLP; Stefan R. Grow, General Counsel, and Tracy Cooper George, Chief Appellate Counsel for State of Florida, Agency for Health Care Administration, Tallahassee, for Appellee.

_____

| | |
|---|---|
| ST. VINCENT'S MEDICAL CENTER, INC. d/b/a ST. VINCENT'S MEDICAL CENTER RIVERSIDE, ST LUKE'S-ST. VINCENT'S HEALTHCARE, INC. d/b/a ST. VINCENT'S MEDICAL CENTER SOUTHSIDE and ST. VINCENT'S MEDICAL CENTER-CLAY COUNTY, INC. d/b/a ST. VINCENT'S MEDICAL CENTER-CLAY COUNTY, | CASE NO.: 1D16-5135 |

and

| | |
|---|---|
| SACRED HEART HEALTH SYSTEM, INC. d/b/a SACRED HEART HOSPITAL OF PENSACOLA, SACRED HEART HOSPITAL ON THE EMERALD COAST and SACRED HEART HOSPITAL ON THE GULF, | CASE NO.: 1D16-5136 |

and

| | |
|---|---|
| CGH HOSPITAL, LTD d/b/a CORAL GABLES HOSPITAL, DELRAY MEDICAL CENTER, | CASE NO.: 1D16-5258 |

7

INC. d/b/a DELRAY MEDICAL CENTER, GOOD SAMARITAN MEDICAL CENTER, INC. d/b/a GOOD SAMARITAN MEDICAL CENTER, HIALEAH HOSPITAL, INC. d/b/a HIALEAH HOSPITAL, NORTH SHORE MEDICAL CENTER, INC. d/b/a NORTH SHORE MEDICAL CENTER, NORTH SHORE MEDICAL CENTER, INC. d/b/a FLORIDA MEDICAL CENTER- A CAMPUS OF NORTH SHORE, PALM BEACH GARDENS COMMUNITY HOSPITAL, INC. d/b/a PALM BEACH GARDENS MEDICAL CENTER, LIFEMARK HOSPITALS OF FLORIDA, INC. d/b/a PALMETTO GENERAL HOSPITAL, ST. MARY'S MEDICAL CENTER, INC. d/b/a ST. MARY'S MEDICAL CENTER and WEST BOCA MEDICAL CENTER, INC. d/b/a WEST BOCA MEDICAL CENTER,

     Appellants,

v.

AGENCY FOR HEALTH CARE ADMINISTRATION,

     Appellee.

_____/

Michael J. Glazer and E. Dylan Rivers of Ausley McMullen, Tallahassee, for Appellants.

Joseph M. Goldstein and Dan P. Daley, Fort Lauderdale, Stephen T. Maher, Miami, Daniel E. Nordby and Amber Stoner, Tallahassee, of Shutts & Bowen

LLP; Stefan R. Grow, General Counsel, and Tracy Cooper George, Chief Appellate Counsel for State of Florida, Agency for Health Care Administration, Tallahassee, for Appellee.

_____

HOLMES REGIONAL
MEDICAL CENTER, INC.,

CASE NO.: 1D16-5274

and

HOLMES REGIONAL MEDICAL
CENTER, INC. d/b/a PALM BAY
HOSPITAL,

CASE NO.: 1D16-5275

and

VIERA HOSPITAL, INC.,

CASE NO.: 1D16-5276

and

CAPE CANAVERAL
HOSPITAL, INC.,

CASE NO.: 1D16-5277

and

HERNANDO HMA, LLC,

CASE NO.: 1D16-5366

and

PASCO REGIONAL MEDICAL
CENTER, LLC d/b/a BAYFRONT
HEALTH DADE CITY,

CASE NO.: 1D16-5367

and

PORT CHARLOTTE HMA, LLC
d/b/a BAYFRONT HEALTH-
PORT CHARLOTTE,

CASE NO.: 1D16-5368

and

9

PUNTA GORDA HMA, LLC  CASE NO.:  1D16-5369
d/b/a BAYFRONT HEALTH-
PUNTA GORDA,

and

BAYFRONT HMA MEDICAL  CASE NO.:  1D16-5370
CENTER, LLC d/b/a BAYFRONT
HEALTH-ST. PETERSBURG,

and

HAINES CITY HMA, LLC  CASE NO.:  1D16-5371
d/b/a HEART OF FLORIDA
REGIONAL MEDICAL
CENTER,

and

SEBRING HOSPITAL  CASE NO.:  1D16-5372
MANAGEMENT ASSOCIATES
LLC, d/b/a HIGHLANDS
REGIONAL MEDICAL
CENTER,

and

LAKE WALES HOSPITAL  CASE NO.:  1D16-5373
CORPORATION d/b/a
LAKE WALES MEDICAL
CENTER,

and

KEY WEST HMA, LLC  CASE NO.:  1D16-5374
d/b/a LOWER KEYS
MEDICAL CENTER,

and

MUNROE HMA HOSPITAL, LLC d/b/a MUNROE REGIONAL MEDICAL CENTER,

CASE NO.:  1D16-5375

and

NAPLES HMA, LLC,

CASE NO.:  1D16-5376

and

CRESTVIEW HOSPITAL CORPORATION d/b/a NORTH OKALOOSA MEDICAL CENTER,

CASE NO.:  1D16-5377

and

HMA SANTA ROSA MEDICAL CENTER, LLC,

CASE NO.:  1D16-5378

and

SEBASTIAN HOSPITAL, LLC d/b/a SEBASTIAN RIVER MEDICAL CENTER,

CASE NO.:  1D16-5380

and

CITRUS HMA, LLC d/b/a SEVEN RIVERS REGIONAL MEDICAL CENTER,

CASE NO.:   1D16-5381

and

LIVE OAK HMA, LLC d/b/a SHANDS LIVE OAK REGIONAL MEDICAL

CASE NO.:  1D16-5382

11

CENTER,

and

LAKE SHORE HMA, LLC       CASE NO.: 1D16-5383
d/b/a SHANDS LAKE
SHORE REGIONAL
MEDICAL CENTER,

and

STARKE HMA, LLC d/b/a       CASE NO.: 1D16-5384
SHANDS STARKE
REGIONAL MEDICAL
CENTER,

and

OSCEOLA SC, LLC d/b/a       CASE NO.: 1D16-5385
SAINT CLOUD REGIONAL
MEDICAL CENTER,

and

VENICE HMA, LLC d/b/a       CASE NO.: 1D16-5386
VENICE REGIONAL
BAYFRONT HEALTH,

and

MELBOURNE HMA, LLC,       CASE NO.: 1D16-5387

and

ROCKLEDGE HMA, LLC,       CASE NO.: 1D16-5388

and

UNIVERSITY COMMUNITY       CASE NOS.: 1D16-5427 &
HOSPITAL, INC.,                                                 1D16-5429

and

MEMORIAL HOSPITAL-                    CASE NO.:  1D16-5432
WEST VOLUSIA, INC.,

and

SOUTHWEST VOLUSIA                     CASE NO.:  1D16-5433
HEALTHCARE CORPORATION,

and

MEMORIAL HOSPITAL                     CASE NO.:  1D16-5434
FLAGLER, INC.,

and

ADVENTIST HEALTH                      CASE NOS.:  1D16-5435,
SYSTEM/SUNBELT, INC.,                  1D16-5439 & 1D16-5442

and

MEMORIAL HEALTH                       CASE NO.:  1D16-5436
SYSTEMS, INC.,

and

SOUTHEAST VOLUSIA                     CASE NO.:  1D16-5437
HEALTHCARE CORPORATION,

and

TARPON SPRINGS HOSPITAL              CASE NO.:  1D16-5438
FOUNDATION, INC.,

and

UNIVERSITY COMMUNITY                  CASE NO.:  1D16-5440
HOSPITAL, INC.,

13

and

FLORIDA HOSPITAL                    CASE NO.:  1D16-5441
WATERMAN, INC.,

and

PASCO-PINELLAS                      CASE NO.:  1D16-5443
HILLSBOROUGH COMMUNITY
HEALTH SYSTEM, INC.,

and

FLORIDA HOSPITAL                    CASE NO.:  1D16-5444
ZEPHYRHILLS, INC.,

and

GENESIS REHABILITATION              CASE NO.:  1D16-5453
HOSPITAL, INC. d/b/a
BROOKS REHABILITATION
HOSPITAL, INC.,

and

THE VILLAGES TRI-COUNTY             CASE NO.:  1D16-5454
MEDICAL CENTER, INC.
d/b/a THE VILLAGES
REGIONAL HOSPITAL,

and

LEESBURG REGIONAL                   CASE NO.:  1D16-5455
MEDICAL CENTER, INC.,

     Appellants,

v.

14

AGENCY FOR HEALTH
CARE ADMINISTRATION,

    Appellee.

_____/

Kyle L. Kemper and Steven Mindlin of Sunstrom & Mindlin, LLP, Tallahassee, for Appellants.

Joseph M. Goldstein and Dan P. Daley, Fort Lauderdale, Stephen T. Maher, Miami, Daniel E. Nordby and Amber Stoner, Tallahassee, of Shutts & Bowen LLP; Stefan R. Grow, General Counsel, and Tracy Cooper George, Chief Appellate Counsel for Florida Agency for Health Care Administration, Tallahassee, for Appellee.

_____

| | |
|---|---|
| LARKIN COMMUNITY HOSPITAL, | CASE NO.:  1D16-5469 |

and

| | |
|---|---|
| MARTIN MEMORIAL MEDICAL CENTER, | CASE NO.:  1D16-5470 |

and

| | |
|---|---|
| NAPLES COMMUNITY HOSPITAL, INC., | CASE NO.:  1D16-5471 |

and

| | |
|---|---|
| SOUTH LAKE HOSPITAL, | CASE NO.:  1D16-5472 |

and

| | |
|---|---|
| LARKIN COMMUNITY HOSPITAL PALM SPRINGS CAMPUS, | CASE NO.:  1D16-5473 |

and

15

ORLANDO HEALTH, INC.,                    CASE NO.: 1D16-5474
d/b/a ORLANDO HEALTH,

and

SOUTHERN BAPTIST                         CASE NO.: 1D16-5475
HOSPITAL OF FLORIDA
d/b/a BAPTIST MEDICAL
CENTER OF THE BEACHES,

and

SOUTHERN BAPTIST                         CASE NO.: 1D16-5476
HOSPITAL OF FLORIDA
d/b/a BAPTIST MEDICAL
CENTER,

ORLANDO HEALTH CENTRAL,                  CASE NO.: 1D16-5477
INC. d/b/a HEALTH CENTRAL,

and

SOUTHERN BAPTIST                         CASE NO.: 1D16-5478
HOSPITAL OF FLORIDA
d/b/a BAPTIST MEDICAL
CENTER NASSAU,

      Appellants,

v.

AGENCY FOR HEALTH
CARE ADMINISTRATION,

      Appellee.
_____/

16

Joanne B. Erde and Donna Holshouser Stinson of Duane Morris LLP, Miami, for Appellants.

Joseph M. Goldstein and Dan P. Daley, Fort Lauderdale, Stephen T. Maher, Miami, Daniel E. Nordby and Amber Stoner, Tallahassee, of Shutts & Bowen LLP; Stefan R. Grow, General Counsel, and Tracy Cooper George, Chief Appellate Counsel for Florida Agency for Health Care Administration, Tallahassee, for Appellee.
_____

Opinion filed November 30, 2017.

A consolidated appeal from orders of the Agency for Health Care Administration.


BILBREY, J.

Sixty-seven Petitioners sought administrative hearings pursuant to section 120.57(1), Florida Statutes (2016), after the Agency for Health Care Administration (AHCA) announced its rates of reimbursement of Medicaid funds for services provided by hospitals for outpatient services for the 2016-2017 fiscal year. ACHA initially sought to dismiss the petitions as premature. Thereafter, AHCA argued the petitions were moot, for reasons which will be more fully set forth below. Eventually, the petitions were dismissed by identical orders. This consolidated appeal follows. We reverse and remand.

As this is an appeal of an order of dismissal, we must accept as true the allegations made in the petitions filed below. *See Herbits v. Bd. of Trs. of Internal Improvement Trust Fund*, 195 So. 3d 1149, 1153 (Fla. 1st DCA 2016). The

17

Amended Petition for Sarasota County Hospital District, the lead Appellant in this consolidated appeal, alleged in pertinent part:

7.  For Fiscal Year 2016-17, the Legislature passed zero outpatient rate reductions and appropriated sufficient funds to reimburse Sarasota Memorial at a rate that is substantially higher than [AHCA's] posted reimbursement rates. The level of funding made available by the Legislature meant that AHCA was not required to make any outpatient reimbursement rate reductions beyond certain standing rate cuts. However, on its own initiative, AHCA elected to implement drastic rate reductions for Fiscal Year 2016-17 far beyond those authorized by the Legislature, resulting in a significant reduction of funding to Sarasota Memorial for Medicaid outpatient services.

8.  [In the] rate letter applicable to Sarasota Memorial . . . though the Fiscal Year 2016-17 rates were not posted by AHCA until July 11, 2016 and then again revised and republished on August 10, 2016, AHCA has indicated that they took effect for all Medicaid outpatient hospital service providers on July 1, 2016. The hospital reimbursement rates released by AHCA reflect a significantly higher rate cut from previous years.

10.  By way of background, as part of a recent overhaul of the state's Medicaid program, the Legislature mandated that AHCA implement a new statewide program to enroll the majority of Florida's Medicaid beneficiaries in Medicaid managed care plans. *See* § 409.971, Fla. Stat. Implementation of this Medicaid managed care program resulted in a dramatic shift of Florida's Medicaid beneficiaries—as well as state funding—from [fee for services programs or "FFS"] to managed care. Consequently, there has been a substantial reduction in the number of Medicaid FFS claims.

18

Sarasota County further alleged that as a Medicaid provider of outpatient services, it will be paid using the challenged rates and that these rates are severely reduced from those of previous years; thus, its substantial interests are affected, it has alleged. The rates "took effect for all Medicaid outpatient hospital service providers on July 1, 2016," it also alleged. The arguments made by the other Petitioners in their respective petitions are substantially the same as those made by Sarasota County Hospital District.

AHCA moved to dismiss the petitions on the ground that the rates of reimbursement were not "final agency action," and thus, the requested administrative proceeding was premature. ACHA asserted that only after it had audited the requested reimbursements, which would be filed in the future, would final agency action have occurred. As authority for this argument, AHCA cited section 409.908(1)(f)1., Florida Statutes (2016). AHCA argued below and continues to argue here that this statute gives a meaningful point of entry upon the release of audited rates and to allow an earlier point of entry would render the statute meaningless.

The Petitioners opposed dismissal by AHCA arguing that section 409.908(1)(f)1. did not preclude a challenge on the rates prior to auditing. The Petitioners claimed AHCA's position could result in a denial of a meaningful point of entry to challenge the rates established. Petitioners maintain that argument here.

19

AHCA filed a Suggestion of Mootness on Nov. 3, 2016, arguing that per section 409.905(6)(b)1., Florida Statutes (2016), the pending petitions were moot. This statute provides that "[a]djustments may not be made [to unaudited reimbursement] rates after October 31 of the state fiscal year in which the rates take effect. . . ."   In its Suggestion of Mootness, AHCA added, without citing specific authority, that "this is the last year that [it] will issue preliminary rates, AHCA [thus] has lost authority under the statute to make further adjustments going forward."

By Final Order dated Nov. 4, 2016, ACHA dismissed the amended petitions with prejudice.  AHCA held in pertinent part:

> [S]ection 409.908(1)(f)1, Florida Statutes, gives a provider a point of entry "to correct or adjust the calculation of the **audited** hospital cost-based per diem reimbursement rate for inpatient and outpatient care." (Emphasis added).  Section 409.908(1), Florida Statutes, does not allow a provider like Petitioner[s] to challenge **unaudited** rates.  This is because **unaudited** rates are preliminary in nature, and subject to change once the Agency has audited Petitioner[s'] cost report.
>
> * * *
>
> Furthermore, even assuming <u>arguendo</u> Petitioners are entitled to challenge the unaudited rates as a substantially affected party under chapter 120, Florida Statutes, the Agency lacks the jurisdiction and authority to grant Petitioners the relief they seek, i.e. the adjustment of their rates.   Section 409.905(6)(b)1., Florida Statutes, prohibits the Agency from making any adjustments to Petitioners' rates "after October 31 of the

20

> state fiscal year in which the rates take effect...." For the rates at issue, this date has already passed. Accordingly, the Agency must dismiss the Amended Petition because Petitioners are not entitled to an administrative hearing to dispute the unaudited rates and, even if they were, the Agency lacks the jurisdiction and authority to grant Petitioners the relief they seek.

(Footnotes omitted; emphasis in original).

As indicated, following the dismissal of a petition for an administrative hearing, a reviewing court must accept the allegations of the petition as true. *See Herbits*. Moreover, questions of statutory interpretation are reviewed by the appellate court de novo. *See Raymond James Fin. Servs., Inc. v. Phillips*, 126 So. 3d 186 (Fla. 2013); *Maggio v. Fla. Dep't of Labor & Emp't Sec.*, 899 So. 2d 1074 (Fla. 2005).

As this court explained almost 30 years ago, a party has standing to initiate a formal administrative hearing pursuant to section 120.57 when it has a "substantial interest that is directly affected by proposed agency action. . . ." *Florida Soc'y of Ophthalmology v. State Bd. of Optometry*, 532 So. 2d 1279, 1284 (Fla. 1st DCA 1988). But, as this court later made clear, "[t]o be entitled to a section 120.57 hearing, there must be final agency action affecting the petitioner's substantial interests, coupled with a disputed issue of material fact." *Friends of the Hatchineha, Inc. v. State, Dep't of Envtl. Reg.*, 580 So. 2d 267, 269 (Fla. 1st DCA 1991) (quoting *General Dev. Utils., Inc. v. Florida Dep't of Envtl. Reg.*, 417 So. 2d

21

1068, 1070 (Fla. 1st DCA 1982)).

As noted, AHCA has claimed that final agency action has not occurred simply by the posting of the unaudited rates. It does not argue that the substantial interests of the various petitioners have not been affected. Nor has the agency claimed that there are no disputed issues of material fact, a prerequisite for a hearing under section 120.57(1).[1]

Section 409.908(1)(f)1., the statute on which AHCA principally relies, provides:

> Pursuant to chapter 120, the agency shall furnish to providers written notice of the **audited** hospital cost-based per diem reimbursement rate for inpatient and outpatient care established by the agency. **The written notice constitutes final agency action.** A substantially affected provider seeking to correct or adjust the calculation of the audited hospital cost-based per diem reimbursement rate for inpatient and outpatient care, **other than a challenge to the methodologies set forth in the rules of the agency and in reimbursement plans incorporated by reference therein used to calculate the reimbursement rate for inpatient and outpatient care**, may request an administrative hearing to challenge the final agency action by filing a petition with the agency within 180 days after receipt of the written notice by the provider. . . .

---

[1] "As a general principle of administrative law, a person is entitled to a section 120.57 hearing when an agency takes a final action affecting that person's interests and there is a disputed issue of material fact related to that action." *Save Our Creeks v. State of Fla. Fish and Wildlife Conservation Comm'n*, 112 So. 3d 128, 130 (Fla. 1st DCA 2013) (citing *Friends of the Hatchineha, Inc. v. Dep't of Envtl. Reg.*, 580 So. 2d 267, 269 (Fla. 1st DCA 1991)).

(Emphasis added).

Given the passages emphasized above, the statute does not pertain to — and hence exempts from the declaration of what final agency action is — the "methodologies" used in determining the reimbursement amount. In other words, section 409.908(1)(f)1 authorizes formal administrative challenges "to correct or adjust" any "calculation[s]" made in audited reimbursement requests. By its plain terms then, the statute does not authorize formal administrative challenges to the "methodologies . . . used to calculate the reimbursement rate." It was the methodology employed by AHCA (which treated the "Medicaid Trend Adjustment" or MTA differently than in years past) which resulted in the challenged reimbursement rates for FY 2016-2017. At the same time, the statute does not preclude, either explicitly or implicitly, formal administrative challenge to the Medicaid reimbursement rates set by AHCA prior to agency auditing. The statute simply does not speak to pre-audit period.

AHCA has argued that section 409.905(6)(b)1, provides that AHCA cannot change its reimbursement rate after October 31 of the fiscal year in which the rates take effect. It was on the basis of this statute that AHCA argued below that the petitions were moot after Oct. 31, 2016, even though the petitions were filed several months before that date and were still pending as of that date through no fault of the Petitioners. This statute was cited in the Final Order as an alternative

23

basis for denying the hearings sought by Petitioners. In part, the Final Order states:

> Even assuming arguendo Petitioners are entitled to challenge the unaudited rates as a substantially affected party under chapter 120, Florida Statutes, the Agency lacks the jurisdiction and authority to grant Petitioners the relief they seek, i.e., the adjustment of their rates. Section 409.905(6)(b)1., Florida Statutes, prohibits the Agency from making any adjustments to Petitioners' rates 'after October 31 of the state fiscal year in which the rates take effect . . . [.]' For the rates at issue, this date has already passed. Accordingly, the Agency must determine the Amended Petition because the Petitioners are not entitled to an administrative hearing to dispute the unaudited rates and, even if they were, the Agency lacks the jurisdiction and authority to grant Petitioners the relief they seek.

An audit is unlikely to have been completed before October 31st of the fiscal year which commences July 1st. Therefore, any rate challenge made before October 31st, is necessarily a challenge of unaudited rates. Thus, in the Final Order, AHCA appears to take two incompatible positions with regard to the 2016 legislative scheme: (i) rates can only be challenged after an audit, and (ii) rate challenges can only occur before October 31st. Obviously, such contrary arguments are untenable, and result from a misreading of the statute.

Section 409.905(6)(b)1. provides in pertinent part:

> (6)  HOSPITAL OUTPATIENT SERVICES. –
>
> (b)   The agency shall implement a methodology for establishing base reimbursement rates for outpatient

24

services for each hospital based on allowable costs, as defined by the agency. Rates shall be calculated annually and take effect July 1 of each year based on the most recent complete and accurate cost report submitted by each hospital.

1. **Adjustments may not be made to the rates after October 31 of the state fiscal year in which the rates take effect**, except for cases of insufficient collections of intergovernmental transfers authorized under s. 409.908(1) or the General Appropriations Act. In such cases, the agency shall submit a budget amendment or amendments under chapter 216 requesting approval of rate reductions by amounts necessary for the aggregate reduction to equal the dollar amount of intergovernmental transfers not collected and the corresponding federal match. Notwithstanding the $1 million limitation on increases to an approved operating budget under ss. 216.181(11) and 216.292(3), a budget amendment exceeding that dollar amount is subject to notice and objection procedures set forth in s. 216.177.

2. **Errors in source data or calculations discovered after October 31 must be reconciled in a subsequent rate period**.

(Emphasis added).

A plain reading of subsections 1 and 2 means that the correction of an error is to be made in the next fiscal year when that error is discovered after October 31st; it does not mean — nor could it fairly so provide — that no correction is ever to be made if an error is discovered after Oct. 31st.

Where possible, a court must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another. *Heart of*

*Adoptions, Inc. v. J.A.*, 963 So. 2d 189, 199 (Fla. 2007); *Woodham v. Blue Cross & Blue Shield of Fla., Inc.*, 829 So. 2d 891, 898 (Fla. 2002). Also, a court must consider the purpose behind a statute. *Raymond James*, 126 So. 3d at 192 (citing *W. Fla. Reg'l Med. Ctr., Inc. v. See*, 79 So. 3d 1, 9 (Fla. 2012)). Further, it is true that an agency's interpretation of a statute it is charged with "enforcing is entitled to great deference." *Verizon Florida, Inc. v. Jacobs*, 810 So. 2d 906, 908 (Fla. 2002) (citing *BellSouth Telecommunications, Inc. v. Johnson*, 708 So. 2d 594, 596 (Fla. 1998)). But, it is also true that a reviewing court will not depart from "the contemporaneous construction of a statute by a state agency charged with its enforcement unless the construction is 'clearly erroneous.'" *Id.* (quoting *PW Ventures, Inc. v. Nichols*, 533 So. 2d 281, 283 (Fla. 1988)). AHCA's interpretation of section 409.905(6)(b)1. is clearly erroneous.[2]

In sum, the substantial interest of a party entitled to a Medicaid reimbursement is affected at the time an unsatisfactory rate is announced as that rate takes effect immediately and reimbursements which are made prior to auditing are based on that rate. The Petitioners have alleged, and we must accept as fact per *Herbits*, that the methodologies used to set the reimbursement rates are not subject to change during the auditing process, and thus the rate becomes "final" at the time it is announced. Therefore, with regard to the amount of the reimbursement rates,

---

[2] The 2016 version of the statute has been amended. *See* Ch. 16-65, Laws of Fla.

the agency's action has become final. Accordingly, we reverse the orders of dismissal and remand for the grant of formal hearings pursuant to section 120.57(1), Florida Statutes.

REVERSED and REMANDED.

ROBERTS and M.K. THOMAS, JJ., CONCUR.